**VERCELLOTTI, Appellant,**

v.

**HUSTED et al., Appellees.**

**Frondorf et al., Appellants,**

v.

**Husted et al., Appellees.**

[Cite as *Vercellotti v. Husted,* 174 Ohio App.3d 609, 2008-Ohio-149.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

Nos. 07AP–513 and 07AP–514.

Decided Jan. 17, 2008.

**610**

---

Konrad Kircher; Helmick & Hoolahan and Catherine G. Hoolahan, for appellants.

Marc Dann, Attorney General, and Sharon A. Jennings and Richard N. Coglianese, Assistant Attorneys General, for appellees.

SADLER, Judge.

{¶ 1} This case is before us on consolidated appeals filed by appellants, Claudia Vercellotti and Dan Frondorf ("appellants"), from a decision by the Franklin County Court of Common Pleas denying their request to declare invalid the passage by the Ohio House of Representatives of Am.Sub.S.B. No. 17 during the 126th General Assembly in 2006. Appellees are Representative Jon Husted, the Speaker of the House; Representative William Seitz, the House assistant majority whip; the House Judiciary Committee; and Representatives John Willamowski, Louis Blessing, William Coley, Danny Bubp, Matthew Dolan, and Randy Law, all of whom were members of the House Judiciary Committee ("the committee"). Appellants argue that the House's action on the bill should be declared invalid because the committee violated R.C. 101.15 by holding a meeting that was closed to the public during a recess of the committee's hearing on March 28, 2006. For the reasons that follow, we affirm the trial court's decision.

{¶ 2} Am.Sub.S.B. No. 17 made a number of changes to the provisions of law governing reporting of sexual abuse of children, including adding clergy to the list of mandatory reporters. After being passed by the Senate, the bill was referred to the committee, which held a number of hearings to consider proponent and opponent testimony regarding the bill. The bill was the subject of a great deal of lobbying by a number of interested parties, including the Survivors Network of those Abused by Priests ("SNAP"). Appellants are local chairpersons of SNAP who were involved in the organization's lobbying efforts.

{¶ 3} On March 28, 2006, the bill was scheduled for its final hearing before the committee in Room 114 of the Statehouse. Due to the large number of members of the public attending the hearing, Room 113 was used to hold overflow. When Am.Sub.S.B. No. 17 was brought forward for discussion, one of the Democratic members of the committee requested a recess for the Democratic members to caucus. Representative Willamowski, the committee chair, declared that there would be a 15–minute recess. The ensuing recess lasted approximately 90 minutes, and it is the events that occurred during this recess that form the basis for appellants' complaint.

{¶ 4} After the recess was taken, members of the committee began to leave the room. Some testimony was offered that three of the members left after being approached by a legislative staff member who said something to the effect that they needed to go somewhere. The testimony alleged that those three members then followed the staff member from the hearing room.

{¶ 5} The testimony showed that during the recess, some members of the committee spent at least part of the time in Statehouse Room 115, which is located down and across the hall from Room 114. Various members of SNAP

testified without contradiction that they saw Representatives Willamowski, Blessing, Dolan, Bubp, Law, and Schaffer (who was not named as a defendant) either entering, leaving, or physically present in Room 115. Some of the witnesses also testified that Representative Coley was in the room for at least part of the time, but Representative Coley disputed this. The testimony also showed that Speaker Husted and Representative Seitz were also present in Room 115 during the recess.

{¶ 6} Members of SNAP asked to be admitted to Room 115 during the recess, but were denied access by a sergeant-at-arms. At one point, a television camera from a Cincinnati television station recorded Representative Seitz leaving Room 115. When asked by the station's reporter what was going on in Room 115, Representative Seitz stated that "we're talking about the bill."

{¶ 7} David Gold, an attorney with the Legislative Services Commission assigned to the committee, testified that he was summoned from the committee hearing room to Room 115 during the recess. Gold stated that he discussed the bill with Representatives Willamowski and Seitz, as well as a third person he could not identify. Gold remembered a number of people being present in the room, but not taking part in the discussions, including Representative Blessing, but could not state with certainty how many of the other people in the room were members of the committee. Upon request, Gold wrote an amendment for the bill that became uncodified section 6, which was a statement of the General Assembly's intention regarding fraudulent concealment. Gold also testified that a provision of the bill as passed by the Senate that would have established a 20–year statute of limitations on the institution of civil actions arising from sexual abuse had been amended to change the limitations period to ten years, and had then been further changed by a handwritten notation to 12 years on copies of the bill that were being distributed to members of the committee.

{¶ 8} When the committee reconvened after the recess, a substitute version of Am.Sub.S.B. No. 17 was brought forward for consideration by the committee. Representative Willamowski stated his intention that there would be no discussion of any amendments to the substitute bill, but that the members would instead be asked to simply vote on any proposed amendments. The committee accepted the substitute bill for consideration by a 7–3 vote along party lines. Gold summarized the changes that had been made from the bill as it had been passed by the Senate, including the change to the statute of limitations and removal of a provision that would have opened a one-year window during which victims of childhood sexual abuse would have been allowed to bring civil actions where the statute of limitations would have otherwise barred them from doing so. The Democratic members of the committee introduced a series of amendments that would have restored a number of the provisions from the bill as passed by

the Senate, all of which were defeated by votes along party lines. The committee ultimately voted 7–3 to report the bill for consideration by the full house.

{¶ 9} After being passed by the full House of Representatives, Am.Sub.S.B. No. 17 was returned to the Senate, which concurred in the amendments made in the House. Governor Taft signed Am.Sub.S.B. No. 17 into law on May 2, 2006.

{¶ 10} On March 30, 2006, appellants filed separate actions seeking declaratory and injunctive relief. Appellants alleged that the committee violated R.C. 101.15, which requires that all meetings of a legislative committee must be open to the general public. The complaints included a request that the committee's action on Am.Sub.S.B. No. 17 be declared invalid. The complaints also included claims for an injunction that would have prohibited the governor from taking any action on the bill, as well as for imposition of a monetary penalty and an award of attorney fees and costs.

{¶ 11} The two separate actions were consolidated. The trial court referred appellants' request for a preliminary injunction to a magistrate for hearing. While the case was pending before the magistrate, appellees filed a motion seeking dismissal of each of the individually named representatives on the grounds that the Speech and Debate Clause of Section 12, Article II of the Ohio Constitution provides individual representatives with immunity from liability for actions taken as legislators. The magistrate issued a decision denying appellants' request for a preliminary injunction, finding that preliminary injunctive relief is not a remedy available under R.C. 101.15. The case was then referred to the magistrate for full trial based on the evidence offered at the preliminary injunction hearing.

{¶ 12} The magistrate issued a decision recommending denial of the relief sought by appellants. The magistrate found as a fact that a majority of the members of the committee were present in Room 115 during at least part of the recess, but concluded that there was no evidence offered showing that any of the members of the committee other than Representative Willamowski participated in any discussions regarding Am.Sub.S.B. No. 17 while in the room. In so concluding, the magistrate found in appellants' favor on a number of issues, including that the gathering of members of the committee in Room 115 was a prearranged meeting for purposes of R.C. 101.15 and that there was a discussion of public business by at least some of the committee members. However, the magistrate concluded that there was insufficient proof that a majority of the members of the committee actually participated in the discussions and therefore denied the relief appellants requested. The magistrate also specifically concluded that it was not necessary to address the motion to dismiss filed by the individual members of the committee based on their asserted immunity.

{¶ 13} Appellants and appellees both filed objections to the magistrate's decision. One of appellants' objections involved the magistrate's decision not to admit into evidence Representative Seitz's statement to the television reporter that "we're talking about the bill" when asked what was happening in Room 115. Appellants also objected to the magistrate's conclusion that the proof was insufficient to find that a majority of the committee members were engaged in discussion regarding the bill during the recess. Appellees objected to some of the magistrate's specific findings, including the findings that the gathering in Room 115 constituted a prearranged meeting for purposes of R.C. 101.15 and that discussions regarding the bill were held during the recess. Appellees also objected to the magistrate's failure to address the motion to dismiss the individually named legislators as defendants.

{¶ 14} The trial court sustained appellants' objection as to the admissibility of Representative Seitz's statement, finding that it should have been admitted as an exception to the hearsay rule. The trial court also considered some of appellees' objections as to specific findings made by the magistrate and sustained an objection to the magistrate's finding that members of the committee went to Room 115 because they were summoned by someone already in the room. The trial court did not address appellees' objection regarding the magistrate's failure to address their motion to dismiss on immunity grounds.

{¶ 15} Ultimately, the trial court agreed with the magistrate's conclusion that the relief requested by appellants should be denied, concluding that the evidence was not sufficient to establish or create an inference that a majority of the members of the committee violated R.C. 101.15. The trial court extensively discussed the question of whether a violation of R.C. 101.15 by the committee could act to invalidate the passage of Am.Sub.S.B. No. 17. The trial court recognized that R.C. 101.15 specifically provides that violation of the open-meetings requirement by a legislative committee can result in invalidation of any action taken by the committee. However, the court concluded that because use of committees by the General Assembly is an internal rule, rather than a constitutional requirement, the R.C. 101.15 requirement that committees act only in open meetings is itself an internal rule, and the failure to follow that internal rule cannot result in invalidation of the committee's action. See *State ex rel. Grendell v. Davidson* (1999), 86 Ohio St.3d 629, 716 N.E.2d 704.

{¶ 16} Appellants filed these appeals and allege a single assignment of error: Assignment of Error: The Court erred by finding that Plaintiffs did not meet their burden of proof.

{¶ 17} R.C. 101.15(B) requires that all meetings of any committee of the General Assembly be open to the members of the general public at all times. R.C. 101.15(A)(3) provides that a meeting for purposes of the statute is "any

prearranged discussion of the public business of a committee by a majority of its members." Thus, in order to establish a violation of R.C. 101.15, a plaintiff must show (1) a prearranged discussion of the public business of a committee, (2) that a majority of the committee's members participated in the discussion, and (3) that the discussion took place in a forum that was not open to the general public.

{¶ 18} In this case, there is no question that Room 115 was not open to the members of the general public during the recess on March 28, 2006. The magistrate concluded, and the trial court accepted, that the evidence established that the gathering of members of the committee in Room 115 was prearranged and that some discussion of Am.Sub.S.B. No. 17 took place. Thus, the issue before us on appeal is the trial court's conclusion that appellants failed to offer sufficient evidence that a majority of the members of the committee actually took part in those discussions.[1]

{¶ 19} Essentially, appellants argue that the trial court's judgment that they failed to carry their burden of proof was against the manifest weight of the evidence. When reviewing the manifest weight of the evidence in a civil case, a court of appeals must affirm a trial court's judgment that is supported by some competent, credible evidence. *Bryan–Wollman v. Domonko,* 115 Ohio St.3d 291, 2007-Ohio-4918, 874 N.E.2d 1198.

{¶ 20} The only evidence regarding what occurred in Room 115 during the recess came from David Gold, the Legislative Services attorney assigned to the committee. Gold testified that he drafted the amendment to the bill that ultimately became uncodified Section 6 while he was in the room, but that the only member of the committee who was participating in the drafting of the amendment he had been called to write was Representative Willamowski. Gold gave no other indication that the other members of the committee who were in the room would have been aware that an amendment was being drafted. Thus, there was no evidence that a majority of the members of the committee were participating in any discussion regarding Am.Sub.S.B. No. 17.

{¶ 21} Appellants argue that they were foreclosed from offering any other evidence regarding what occurred in Room 115 by the trial court's decision quashing subpoenas directed to the individual committee members. Appellants did not separately assign as error the trial court's decision to quash the subpoenas. Consequently, that issue is not before us.

---

1. Appellees offer as alternative grounds for affirmance of the trial court's decision the arguments that there was no prearranged meeting and that the motion to dismiss the individual members of the General Assembly as defendants should have been granted. Because appellees did not file a cross-assignment of error, neither of these issues is properly before us.

{¶ 22} Appellants also argue that the trial court imposed an unreasonable burden of proof by requiring that they produce direct, as opposed to circumstantial, evidence that the committee violated R.C. 101.15. As a general matter, we agree with appellants that a violation of R.C. 101.15 may be established by way of circumstantial evidence and that direct evidence is not required. However, while the trial court focused on the lack of direct evidence in reaching its decision, we do not interpret the trial court's decision as a conclusion that a violation of R.C. 101.15 must be proven by direct evidence alone. Indeed, the trial court discussed the circumstantial evidence and drew inferences from it.

{¶ 23} The circumstantial evidence to which appellants point does not sufficiently establish that a majority of the committee members engaged in discussions regarding Am.Sub.S.B. No. 17 during the hearing recess. Appellants point to the absence of any deliberation regarding the substitute bill after the committee reconvened. Appellants also point to the testimony from David Gold and Representative Coley that established that no members of the committee saw the substitute bill until just before the committee voted to accept the substitute bill. Appellants argue that these pieces of evidence support the inference that a majority of the members of the committee must have discussed the changes included in the substitute bill during the recess, since no public discussion occurred. However, none of this evidence necessarily leads to the conclusion that a majority of the members discussed the bill in violation of R.C. 101.15.

{¶ 24} Appellants also point to Representative Seitz's statement, in response to the television reporter's question about what was occurring in Room 115, that "we're talking about the bill" as establishing that the members of the committee were engaging in private discussions. However, as noted by the trial court, there is no evidence of what Representative Seitz meant by his use of the word "we." Gold's testimony established that he, Representative Seitz, Representative Willamowski, and another person Gold did not know worked on the language incorporated into the bill as uncodified Section 6. Thus, Representative Seitz's use of the word "we" may have been a reference to that group, rather than a reference to the other committee members.

{¶ 25} Finally, appellants point to the evidence regarding actions that were taken to avoid public scrutiny of the actions taken during the recess. Specifically, appellants point to the evidence that a sergeant-at-arms was posted at the door to limit the public's access to Room 115, and that Speaker Husted clandestinely exited Room 115 after having a member of the committee determine that "the coast is clear." Appellants argue that these actions support the inference that the members of the committee were attempting to conceal the fact that they were violating R.C. 101.15 by discussing Am.Sub.S.B. No. 17 in a closed meeting. However, this evidence also creates the inference that the members of the

committee, as well as Speaker Husted, were simply trying to avoid questioning by the media, and we cannot say that the trial court erred by making this inference rather than the one appellants seek to have made.

{¶ 26} Although appellants offered circumstantial evidence regarding their allegation that a majority of the committee members violated R.C. 101.15 by discussing Am.Sub.S.B. No. 17 in a prearranged meeting closed to the public, we cannot say that the trial court erred in declining to make the inferences that would have been necessary to support a conclusion that a violation occurred. Furthermore, the trial court's decision was supported by competent, credible evidence in the form of the testimony of David Gold that the discussions regarding the bill that occurred in Room 115 during the recess did not involve all of the members of the committee who were present in the room. Consequently, appellants' single assignment of error is overruled.

{¶ 27} Having overruled appellants' assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

Judgment affirmed.

BRYANT and KLATT, JJ., concur.