OPINION
{¶ 1} Amy Pratte (Plaintiff-Appellant) appeals the trial court's dismissal of her complaint against Rodney Stewart (Defendant-Appellee). The complaint which she filed on April 14, 2008, alleges that Mr. Stewart sexually abused her 24 years ago, when she was a child. She had not filed a complaint sooner because she repressed memories of *Page 2 
the abuse until last year. The trial court dismissed her complaint because the period of limitations applicable to actions involving claims of childhood sexual abuse had expired. Ms. Pratte argues that this statute of limitations, which was enacted in 2006, does not apply to her action. She argues that the former one-year limitations period applies, the running of which was tolled until she recovered her memories.
 {¶ 2} Ms. Pratte says that Mr. Stewart sexually assaulted and molested her at least three times, the last in the fall of 1984. She repressed memories of the abuse until they surfaced 23 years later on April 20, 2007, triggered by the killings on the campus of Virginia Tech. Just under a year later, on April 14, 2008, Ms. Pratte filed a civil complaint. Mr. Stewart responded with a motion to dismiss her complaint as time-barred by the statute of limitations. The trial judge agreed with Mr. Stewart and dismissed her complaint.
 {¶ 3} Before beginning our analysis, a brief look at the history of the limitations period for childhood sexual abuse actions would be helpful. The Supreme Court expressly adopted a limitations period in 1994 with its holding in Doe v. First United Methodist Church (1994),68 Ohio St.3d 531, 629 N.E.2d 402. There the Court held that "[a] cause of action premised upon acts of sexual abuse is subject to the one-year statute of limitations for assault and battery." Id. at ¶ 1 syllabus. A minor victim, however, "has one year from the date he or she reaches the age of majority to assert any claims against the perpetrator arising from the sexual abuse." Id. at ¶ 2 syllabus. But this rule applied only "where the victim knows the identity of the perpetrator and is fully aware of the fact that a battery has occurred." Id.
 {¶ 4} Later that year, in Ault v. Jasko (1994), 70 Ohio St.3d 114, *Page 3 
637 N.E.2d 870, the Court addressed the situation where a minor victim repressed memories of the alleged abuse. The "discovery rule," it held, applied to toll the limitations period in such situations. Id. at ¶ 1 syllabus. The limitations period did not begin to run, said the Court, until "the victim recalls or otherwise discovers that he or she was sexually abused, or when, through the exercise of reasonable diligence, the victim should have discovered the sexual abuse." Id. at ¶ 2 syllabus.
 {¶ 5} Yet, some members of the Court were uncomfortable applying the discovery rule to these types of actions. Two members of theAult court believed that the majority had improperly strayed into the General Assembly's domain. Chief Justice Moyer wrote in his dissent, "The majority opinion announces a rule of law that would permit a person at any age after any lapse of time between the alleged sexual abuse and the revived memory of such abuse to sue the alleged abuser for money damages." Id. at 120 (Moyer, C. J., dissenting). "If that is to be the law of Ohio," he continued, "it is the General Assembly that should declare it as such rather than this court." Justice Wright agreed, saying, "the resolution of this issue lies with the legislature and not the judiciary." Id. at 124 (Wright, J., dissenting). He observed that "[t]he Ohio General Assembly is the appropriate body to conduct hearings, consider expert testimony and, most important, fashionstandards." Id. Even Justice Resnick, joined by Justice Douglas, while concurring in the majority's opinion, nevertheless agreed with the two dissenters that ideally the legislature should decide the issue. "I agree with the dissenting opinions that the General Assembly is themost appropriate body to establish a discovery rule in childhood sexual abuse cases." Id. at 119 (Resnick, J., concurring). Still, she continued, "I believe that until the General Assembly chooses to act this court *Page 4 
is capable of interpreting the relevant statute of limitations to allow potentially valid claims to proceed." Id.
 {¶ 6} The General Assembly had begun to act to resolve this important policy issue. And on May 1, 2006, it enacted the fruit of its action-Senate Bill 17, which, among other amendments, codified a statute of limitations for actions based on claims of childhood sexual abuse. "The bill was the subject of a great deal of lobbying by a number of interested parties." Vercellotti v. Husted, 174 Ohio App.3d 609,2008-Ohio-149, at ¶ 2. This is apparent from seeing how the bill changed from the initial version passed by the Senate. The initial version set the limitations period for bringing civil actions at 20 years. But this number first dropped to 10 years before coming to rest at 12 years. Id. at ¶ 7. A provision was added that tolls the running of the limitations period where the defendant has fraudulently concealed critical facts from the plaintiff. See Synopsis of House Committee Amendments to Sub. S.B. 17, LSC, Sub. S.B. 17, 126th General Assembly (H. Judiciary) Mar. 29, 2006. This was the only tolling provision in the final bill. Finally, the initial version contained a look-back period for actions that expired before the bill's effective date but this provision was ultimately eliminated. See Synopsis. The amendments reflect the difficult policy choices that are properly the province of the General Assembly.
 {¶ 7} The bill contained important provision in two types of law. It codified a new statute of limitations for childhood sexual abuse actions in R.C. 2305.111. This section formerly contained only the statute of limitations for assault and battery actions, the statute that the Supreme Court said applied to actions involving claims of childhood sexual abuse. The bill also, however, enacted uncodified law that specified the claims to *Page 5 
which the new statute of limitations applied. It is this uncodified law, governing the applicability of the new statute of limitations, that is at the heart of this appeal.
 {¶ 8} On May 1, 2006, the General Assembly enacted Senate Bill 17 which codified a statute of limitations for civil actions based on claims of childhood sexual abuse. R.C. 2305.111(C) provided:
 {¶ 9} "An action for assault or battery brought by a victim of childhood sexual abuse based on childhood sexual abuse, or an action brought by a victim of childhood sexual abuse asserting any claim resulting from childhood sexual abuse, shall be brought within twelve years after the cause of action accrues. For purposes of this section, a cause of action for assault or battery based on childhood sexual abuse, or a cause of action for a claim resulting from childhood sexual abuse, accrues upon the date on which the victim reaches the age of majority. If the defendant in an action brought by a victim of childhood sexual abuse asserting a claim resulting from childhood sexual abuse that occurs on or after the effective date of this act has fraudulently concealed from the plaintiff facts that form the basis of the claim, the running of the limitations period with regard to that claim is tolled until the time when the plaintiff discovers or in the exercise of due diligence should have discovered those facts."
 {¶ 10} According to Ms. Pratte's complaint, she reached the age of majority on July 13, 1992, and thus she had twelve years from that date to file her action. She did not file her complaint until April 2008. In dismissing the complaint, the trial court stated the following: "The Court is of the view that the legislative intent of granting a twelve-year statute of limitations to a minor to bring an action for childhood sexual abuse was intended to permit the minor a period of time for the opportunity of any repressed *Page 6 
memory to be recalled."
 {¶ 11} In her first assignment of error, Ms. Pratte argues the trial court erred in retroactively applying Senate Bill 17 amendments of R.C. 2305.111 since those amendments only apply to abuse suffered after August 3, 2006. She refers us to the uncodified language of Section 3(B) of Senate Bill 17 which provides:
 {¶ 12} "The amendments to section 2305.111 of the Revised Code made in this act shall apply to all civil actions for assault or battery brought by a victim of childhood sexual abuse based on childhood sexual abuse that occurs on or after the effective date of this act, to all civil actions brought by a victim of childhood sexual abuse for a claim resulting from childhood sexual abuse that occurs on or after the effective date of this act, to all civil actions for assault or battery brought by a victim of childhood sexual abuse based on childhood sexual abuse that occurred prior to the effective date of this act in relation to which a civil action for assault or battery has never been filed and for which the period of limitations applicable to such a civil action prior to the effective date of this act has not expired on the effective date of this act, and to all civil actions brought by a victim of childhood abuse for a claim resulting from childhood sexual abuse that occurred prior to the effective date of this act in relation to which a civil action for that claim has never been filed and for which the period of limitations applicable to such a civil action prior to the effective date of this act has not expired on the effective date of this act." Page's Ohio Revised Code Annotated, R.C. 2305.111, Annotations, § 3(B).
 {¶ 13} Pratte argues that amended R.C. 2305.111(c) can only apply to claims for childhood sexual abuse where the abuse occurred afer the effective date of the legislation, to-wit: August 3, 2006. She argues that the clear intent of the legislature was *Page 7 
to extend the statute of limitations applicable to unexpired claims rather than reduce the time in which such claims may be brought. Furthermore, she argues that since the one-year statute of limitations expired long before August 3, 2006, unless Ault applies, she did not have an unexpired claim and R.C. 2305.111(C) does not apply.
 {¶ 14} Stewart argues that the only "tolling" exception to the 12-year limitation period concerns fraudulent concealment of facts from the plaintiff. Stewart argues the amended statute clearly expressed the intent of the legislature to allow minor victims of sexual abuse additional time to discover their situations and their alleged assailants. Stewart notes that while the legislature provided a tolling of the limitations period for fraudulent concealment, it did not allow for a similar tolling for the victims' alleged repressed memory of the events.
 {¶ 15} Normally, statutes are presumed to apply prospectively. The legislature, however, noted that this legislation was to be considered purely remedial in operation and further stated it was to be applied in a remedial manner in any civil action commenced on or after April 7, 2005, regardless of when the cause of action occurred and notwithstanding any other section of the Revised Code or prior rule oflaw of this state. R.C. 2305.10(G).
 {¶ 16} In Ault, the Ohio Supreme Court stated that a childhood sexual abuse victim's cause of action accrues only when the victim recalls or otherwise discovers that he or she was sexually abused.
 {¶ 17} Thus, the legislature by enacting R.C. 2305.10(G) states that the twelve-year limitation period applies regardless of the previous rule of law established in Ault. Nowhere in the Ault decision does the Supreme Court state it bases its decision to *Page 8 
expand the statute of limitation on state or federal constitutional grounds. R.C. 2305.10(G) was seemingly passed with the Ault decision in mind, and we read the uncodified language with that in mind as well. The uncodified language states that the amendments to R.C. 2305.111 apply to all civil actions for assault and battery based on childhood sexual abuse that occurred prior to the effective date of the act and for which period of limitations applicable prior to the effective date has not expired. The limitation period in Ms. Pratte's claim has not expired according to Ault because of her repressed memory.
 {¶ 18} Ms. Pratte's argument that the legislature did not intend to apply R.C. 2305.111(C) retroactively to her is not well taken. The assignment of error is Overruled.
 {¶ 19} The judgment of the trial court is Affirmed.