PRATTE, APPELLANT, *v*. STEWART, APPELLEE.

[Cite as *Pratte v. Stewart*, 125 Ohio St.3d 473, 2010-Ohio-1860.]

*Statute of limitations — Childhood sexual abuse — R.C. 2305.111(C) — Retroactivity — Discovery rule inapplicable.*

(No. 2009-0953 — Submitted February 16, 2010 — Decided May 5, 2010.)

APPEAL from the Court of Appeals for Greene County, No. 08-CA-95, 2009-Ohio-1768.

_____

SYLLABUS OF THE COURT

1. The 12-year statute of limitations in R.C. 2305.111(C) applies to a civil action arising from childhood sexual abuse that occurred prior to the effective date of that subsection, August 3, 2006, if no prior claim has been filed and if the former limitations period had not expired before the effective date of that subsection.

2. Pursuant to R.C. 2305.111(C), a cause of action brought by a victim of childhood sexual abuse accrues upon the date on which the victim reaches the age of majority.

3. R.C. 2305.111(C) does not contain a tolling provision for repressed memories of childhood sexual abuse. The discovery rule does not apply to toll the statute of limitations while a victim of childhood sexual abuse represses memories of that abuse. (*Ault v. Jasko* (1994), 70 Ohio St.3d 114, 637 N.E.2d 870, paragraph one of the syllabus, abrogated by statute.)

_____

O'CONNOR, J.

{¶ 1} This appeal requires a determination of the appropriate statute of limitations for a claim resulting from childhood sexual abuse in which the

claimant alleges that memories of the abuse were repressed. Appellant, Amy Pratte, asserts that the 12-year statute of limitations in R.C. 2305.111(C), which became effective on August 3, 2006, cannot be applied retroactively to her claim that she suffered childhood sexual abuse, because her memory of the abuse was repressed until after the limitations period expired. Pratte argues that pursuant to this court's decision in *Ault v. Jasko* (1994), 70 Ohio St.3d 114, 637 N.E.2d 870, the statute of limitations for a claim resulting from childhood sexual abuse does not accrue until the victim recalls or otherwise discovers that she was sexually abused. Pratte therefore contends that repressed memory continues as a tolling mechanism after the enactment of R.C. 2305.111(C).

{¶ 2} Conversely, appellee, Rodney Stewart, contends that R.C. 2305.111(C) unambiguously applies retroactively to Pratte's claim and that the statute does not contain a tolling provision for repressed memories of childhood sexual abuse. Stewart therefore maintains that Pratte's claim, which was filed beyond the 12-year limitations period in R.C. 2305.111(C), is time-barred.

{¶ 3} We hold that the 12-year statute of limitations in R.C. 2305.111(C) applies to all civil actions arising from childhood sexual abuse that occurred prior to the effective date of the enactment of that subsection, August 3, 2006, if no prior claim has been filed and if the former limitations period had not expired before the effective date of that subsection. We further hold that pursuant to R.C. 2305.111(C), a cause of action brought by a victim of childhood sexual abuse asserting any claim resulting from childhood sexual abuse accrues upon the date on which the victim reaches the age of majority. R.C. 2305.111(C) does not contain a tolling provision for repressed memories of childhood sexual abuse. The discovery rule does not apply to toll the statute of limitations while a victim of childhood sexual abuse represses memories of that abuse. (*Ault v. Jasko* (1994), 70 Ohio St.3d 114, 637 N.E.2d 870, paragraph one of the syllabus, abrogated by statute.)

**{¶ 4}** We therefore affirm the judgment of the court of appeals.

**Relevant Background**

**{¶ 5}** On April 14, 2008, Pratte filed a lawsuit against Stewart alleging that he sexually assaulted her on three occasions when she was a child, the most recent occasion happening in the fall of 1984. Pratte was 33 years old at the time she filed the lawsuit. She alleged that she had repressed memories of the sexual abuse until April 20, 2007, when a news event triggered the recovery of the memories.

**{¶ 6}** Stewart moved to dismiss Pratte's complaint pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted. More specifically, Stewart argued that Pratte's complaint was time-barred by R.C. 2305.111(C), which requires that a claim of childhood sexual abuse be brought within 12 years after the cause of action accrues. Stewart relied upon the statute's specification that a cause of action for childhood sexual abuse accrues when the alleged victim attains the age of majority. Because Pratte reached the age of majority on July 13, 1992, Stewart argued that her claim must have been filed by July 13, 2004, and was untimely because it was not filed until April 14, 2008.

**{¶ 7}** Pratte countered that this court's holding in *Ault v. Jasko*, 70 Ohio St.3d 114, 637 N.E.2d 870—that the discovery rule applies to toll the statute of limitations while a victim of childhood sexual abuse represses memories of that abuse—remains viable despite the enactment of R.C. 2305.111(C). Because her memories of the alleged abuse were repressed until April 20, 2007, Pratte maintained that her claims were timely filed within one year of her recovery of the memories.

**{¶ 8}** The trial court granted Stewart's motion to dismiss, finding that the legislative intent in granting a minor 12 years after reaching majority in which to bring an action for childhood sexual abuse was to permit the minor a period of time to recall repressed memories. The trial court therefore rejected Pratte's

arguments and held that her claim was filed beyond the time permitted by R.C. 2305.111(C).

{¶ 9} On Pratte's appeal to the Second District Court of Appeals, the court affirmed the trial court's judgment. The Second District found that "the legislature by enacting R.C. 2305.10(G) states that the twelve-year limitation period applies regardless of the previous rule of law established in *Ault*." 2009-Ohio-1768, at ¶ 17. The court of appeals further concluded that the legislature intended to apply R.C. 2305.111(C) retroactively. Id.

{¶ 10} The case is now before us on our acceptance of a discretionary appeal. 122 Ohio St.3d 1502, 2009-Ohio-4233, 912 N.E.2d 107. Pratte asserts four propositions of law for our consideration:

{¶ 11} (1) "R.C. 2305.111(C) does not apply retroactively to deprive a repressed memory childhood sexual abuse victim of her cause of action."

{¶ 12} (2) "Repressed memory as a tolling mechanism of the civil statute of limitations remains viable after the effective date of R.C. 2305.111(C)."

{¶ 13} (3) "The statute of limitations period for sexual abuse in Ohio begins to run when the victim recalls or otherwise discovers that he or she was sexually abused, or when through the exercise of ordinary diligence, the victim should have discovered the abuse."

{¶ 14} (4) "The statute of limitations is tolled where a victim of childhood sexual abuse represses memories of that abuse until a later time."

**Analysis**

A. *History of the Statute of Limitations for Claims of Childhood Sexual Abuse*

{¶ 15} A discussion of the history of the limitations period applicable to claims of childhood sexual abuse is useful to our resolution of Pratte's appeal.

{¶ 16} Prior to the enactment of the statute at issue, the General Assembly had not enacted a limitations period specifically for claims of childhood sexual

abuse. In *Doe v. First United Methodist Church* (1994), 68 Ohio St.3d 531, 629 N.E.2d 402, this court was asked to determine what statute of limitations applied to such actions. We concluded that a cause of action premised upon acts of sexual abuse was subject to the one-year statute of limitations for assault and battery in former R.C. 2305.111. Id. at paragraph one of the syllabus.

**{¶ 17}** Having determined the relevant limitations period, we went on to address when a claim for childhood sexual abuse accrues. The defendants in *Doe* argued that such a claim accrued on the victim's 18th birthday, while the plaintiff sought application of the discovery rule. This court found that the facts of the case before it did not require us to consider whether to apply the discovery rule to toll the limitations period in cases involving childhood sexual abuse. Id. at 541. The court ultimately held, "A minor who is the victim of sexual abuse has one year from the date he or she reaches the age of majority to assert any claims against the perpetrator arising from the sexual abuse where the victim knows the identity of the perpetrator and is fully aware of the fact that a battery has occurred." Id. at paragraph two of the syllabus.

**{¶ 18}** In *Ault v. Jasko*, however, we were presented with facts requiring us to determine whether to apply the discovery rule in cases alleging childhood sexual abuse. The plaintiff, Kathy Ault, filed a complaint when she was 29 years old, alleging that she had been sexually abused as a child by her father. *Ault v. Jasko*, 70 Ohio St.3d at 114, 637 N.E.2d 870. Her father moved to dismiss the complaint on the basis of the statute of limitations. Ault responded that her cause of action did not accrue until she was able to verify that she had been sexually abused and that her father was responsible for that abuse.

**{¶ 19}** This court held: "The discovery rule applies in Ohio to toll the statute of limitations where a victim of childhood sexual abuse represses memories of that abuse until a later time." Id. at paragraph one of the syllabus. Thus, this court held: "The one-year statute of limitations period for sexual abuse

in Ohio begins to run when the victim recalls or otherwise discovers that he or she was sexually abused, or when, through the exercise of reasonable diligence, the victim should have discovered the sexual abuse." Id. at paragraph two of the syllabus.

{¶ 20} Both Chief Justice Moyer and Justice Wright dissented from the majority's creation of "a rule of law that would permit a person at any age after any lapse of time between the alleged sexual abuse and the revived memory of such abuse to sue the alleged abuser for money damages." Id. at 120. Chief Justice Moyer emphasized that "[i]f that is to be the law of Ohio, it is the General Assembly that should declare it as such rather than this court." Id. Chief Justice Moyer further explained:

{¶ 21} "The proper forum to determine such issues is in the General Assembly where all views, all relevant information, all scientific data, and all empirical studies can be presented, reviewed and debated by those who have an interest in the issue. That process did not occur, nor could it have occurred, in the case before us.

{¶ 22} "There probably will be a day, as there has been regarding the forensic use of DNA, when courts can be given reliable, competent information on the issue of repressed memory. That day is not here. We should dispose of this case with a strong dose of judicial restraint. Until the General Assembly acts on the issue, we should apply our holding in *Doe v. First United Methodist Church* (1994), 68 Ohio St.3d 531, 629 N.E.2d 402, and hold that Kathy Ault's cause of action for assault and battery against John Jasko should have been filed within one year after the date of her eighteenth birthday." Id.

{¶ 23} Justice Resnick concurred in the majority's decision in *Ault* but agreed with the dissenters' view that the General Assembly is the *most* appropriate body to establish a discovery rule for cases of childhood sexual abuse. Id. at 119, 637 N.E.2d 870. However, Justice Resnick believed that until the

6

General Assembly chose to act, this court could interpret the relevant statute of limitations to allow potentially valid claims to proceed. Id.

{¶ 24} This court next examined the availability of the discovery rule in cases of childhood sexual abuse in *Doe v. Archdiocese of Cincinnati*, 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268. We followed our holding in *Doe v. First United Methodist Church* and declined to apply the discovery rule to toll the statute of limitations in a case of childhood sexual abuse against the employer of an alleged perpetrator when the victim knew the identity of the perpetrator and the employer of the perpetrator and knew that a battery had occurred. Id. at syllabus. The majority found the *Ault* ruling to be inapplicable because Doe had not alleged that he had repressed his memory of the alleged abuse. Id. at ¶ 25. However, we stressed that the remedy sought by Doe required a legislative response to create an exception to our long-standing statutes of limitations and endorsed Chief Justice Moyer's dissent in *Ault*. Id. at ¶ 51.

{¶ 25} Shortly before the decision in *Doe v. Archdiocese of Cincinnati* was released, on March 29, 2006, the General Assembly enacted a statute of limitations expressly for causes of action resulting from childhood sexual abuse, in 2006 Am.Sub.S.B. No. 17. S.B. 17 became effective on August 3, 2006, and amended former R.C. 2305.111 to create a 12-year statute of limitations for actions for childhood sexual abuse. It is the construction and applicability of R.C. 2305.111, and the viability of the discovery rule adopted in *Ault*, that we must consider today.

### B. Retroactive Application of R.C. 2305.111(C)

{¶ 26} In her first proposition of law, Pratte challenges the retroactive application of R.C. 2305.111(C) to her claim against Stewart. Pratte argues that this court must presume that the legislature did not intend to apply the 12-year statute of limitations to repressed-memory victims who do not recover their memories before the age of 30 years. Otherwise, Pratte contends, the statute runs

afoul of her constitutional guarantee to a remedy and open courts in Section 16, Article I of the Ohio Constitution.

1. Retroactivity

{¶ 27} Although neither party nor the lower courts address retroactivity correctly, the proper analysis for determining whether a statute can be applied retroactively is summarized in *State v. Consilio*, 114 Ohio St.3d 295, 2007-Ohio-4163, 871 N.E.2d 1167:

{¶ 28} "It is well-settled law that statutes are presumed to apply prospectively unless expressly declared to be retroactive.  R.C. 1.48; *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 105, 522 N.E.2d 489.  It is also settled that the General Assembly does not possess an absolute right to adopt retroactive statutes.  Section 28, Article II of the Ohio Constitution prohibits the retroactive impairment of vested substantive rights.  See *State v. LaSalle,* 96 Ohio St.3d 178, 2002-Ohio-4009, 772 N.E.2d 1172, ¶ 13.  However, the General Assembly may make retroactive any legislation that is merely remedial in nature.  See *State ex rel. Slaughter v. Indus. Comm.* (1937), 132 Ohio St. 537, 542, 8 O.O. 531, 9 N.E.2d 505."  (Plurality opinion.)  Id. at ¶ 9.

{¶ 29} With these principles in mind, this court reiterated its two-part test for evaluating whether a statute may be applied retroactively:

{¶ 30} "First, the reviewing court must determine as a threshold matter whether the statute is expressly made retroactive.  *LaSalle,* 96 Ohio St.3d at 181, 772 N.E.2d 1172, citing *Van Fossen,* 36 Ohio St.3d 100, 522 N.E.2d 489, at paragraphs one and two of the syllabus.  The General Assembly's failure to clearly enunciate retroactivity ends the analysis, and the relevant statute may be applied only prospectively.  Id.  If a statute is clearly retroactive, though, the reviewing court must then determine whether it is substantive or remedial in nature.  *LaSalle* at 181, 772 N.E.2d 1172."  Id. at ¶ 10.

2. Express Designation of Retroactivity

**{¶ 31}** We begin our analysis by ascertaining whether the General Assembly expressly made the 12-year statute of limitations in R.C. 2305.111(C) retroactive. As part of S.B. 17, the General Assembly enacted R.C. 2305.10(E), which states, "An action brought by a victim of childhood sexual abuse asserting any claim resulting from childhood sexual abuse, as defined in section 2305.111 of the Revised Code, shall be brought as provided in division (C) of that section."

**{¶ 32}** Uncodified Section 3(B) of S.B. 17 states:

**{¶ 33}** "The amendments to section 2305.111 of the Revised Code made in this act *shall apply * * * to all civil actions* brought by a victim of childhood sexual abuse for a claim resulting from childhood sexual abuse that occurs on or after the effective date of this act * * * *and to all civil actions* brought by a victim of childhood sexual abuse for a claim resulting from childhood sexual abuse that occurred prior to the effective date of this act in relation to which a civil action for that claim has never been filed and for which the period of limitations applicable to such a civil action prior to the effective date of this act has not expired on the effective date of this act." (Emphasis added.)

**{¶ 34}** In *Hyle v. Porter*, 117 Ohio St.3d 165, 2008-Ohio-542, 882 N.E.2d 899, we discussed two examples of clear expressions of retroactivity. We first referred to our holding in *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 522 N.E.2d 489, where we found a clearly expressed legislative intent for former R.C. 4121.80 to apply retroactively based on the following passage: " 'This section applies to and governs any action * * * pending in any court on the effective date of this section * * * notwithstanding any provisions of any prior statute or rule of law of this state.' " *Hyle* at ¶ 15, quoting former R.C. 4121.80(H). We also cited our determination in *State v. Cook* (1998), 83 Ohio St.3d 404, 700 N.E.2d 570, that the General Assembly specifically made former R.C. 2950.09 retroactive by making the statute applicable to anyone who " 'was convicted of or pleaded guilty to a sexually oriented offense prior to the effective

date of this section, if the person was not sentenced for the offense on or after' that date." Id. at ¶ 16, quoting former R.C. 2950.09(C)(1).

{¶ 35} Similar to former R.C. 4121.80 and 2950.09, Section 3(B) of S.B. 17 expressly makes the 12-year statute of limitations in R.C. 2305.111(C) applicable to acts of sexual abuse committed prior to the effective date of S.B. 17. Thus, we conclude that the statute includes strong, unequivocal declarations of retroactivity.

3. Substantive v. Remedial

{¶ 36} Because R.C. 2305.111(C) was expressly made retroactive, we must next determine whether the statute retroactively impairs a vested substantive right or is merely remedial in nature. *Van Fossen*, supra.

{¶ 37} It is well established that a statute is substantive if it impairs or takes away vested rights, affects an accrued substantive right, imposes new or additional burdens, duties, obligations, or liabilities as to a past transaction, or creates a new right. *Van Fossen*, 36 Ohio St.3d at 107, 522 N.E.2d 489. Remedial laws, however, are those affecting only the remedy provided, and include laws that merely substitute a new or more appropriate remedy for the enforcement of an existing right. Id. A purely remedial statute does not violate Section 28, Article II of the Ohio Constitution, even if applied retroactively. Id.

{¶ 38} Prior to the effective date of R.C. 2305.111(C), the common law, as expressed in *Ault*, permitted a victim of childhood sexual abuse to file a cause of action within one year from when he or she recalled or otherwise discovered that he or she had been sexually abused, or when, through the exercise of reasonable diligence, the victim should have discovered the sexual abuse. Pratte maintains that she had not discovered that she had been sexually abused prior to S.B. 17's enactment. Because Pratte's cause of action had not yet accrued under the law existing prior to the enactment of S.B. 17, Pratte, or any victim with repressed memories, did not have a vested right or an *accrued* substantive right to

10

file a lawsuit. Thus, R.C. 2305.111(C) did not impair vested rights or affect an accrued substantive right.

{¶ 39} Pratte's argument that the retroactive application of R.C. 2305.111 violates the right-to-a-remedy provision of Section 16, Article I of the Ohio Constitution is not persuasive and does not establish that the statute is substantive and not remedial.[1]

{¶ 40} "Any constitutional analysis must begin with the presumption of constitutionality enjoyed by all legislation, and the understanding that it is not this court's duty to assess the wisdom of a particular statute." *Groch v. Gen. Motors Corp.*, 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 377, ¶ 141. In *Groch*, this court reaffirmed the principles set forth in *Sedar v. Knowlton Constr. Co.* (1990), 49 Ohio St.3d 193, 199, 551 N.E.2d 938, that the right-to-a-remedy provision of Section 16, Article I applies only to existing, vested rights, and it is state law that determines what injuries are recognized and what remedies are available. Id. at ¶ 117–119 and 148. Moreover, "[a] person has no property, no vested interest, in any rule of the common law. * * * Indeed, the great office of statutes is to remedy defects in the common law as they are developed, and to adapt it to the changes of time and circumstances." *Munn v. Illinois* (1876), 94 U.S. 113, 134, 24 L.Ed. 77; see also *Groch* at ¶ 117. Thus, as we affirmed in *Groch*, " '[t]his court would encroach upon the Legislature's ability to guide the development of the law if we invalidated legislation simply because the rule enacted by the Legislature rejects some cause of action currently preferred by the courts. * * * Such a result would offend our notion of the checks and balances between the various branches of government, and the flexibility required for the healthy growth of the law.' " Id. at ¶ 118, quoting *Freezer Storage, Inc. v. Armstrong Cook Co.* (1978), 476 Pa. 270, 281, 382 A.2d 715.

---

1. Pratte did not raise this constitutional challenge in any of the lower court proceedings.

{¶ 41} In accordance with the constitutional principles espoused in *Groch*, the retroactive application of the 12-year limitations period in R.C. 2305.111(C) does not violate Section 16, Article I of the Ohio Constitution. Pratte did not have a vested right in the common-law discovery rule announced in *Ault*, and we would offend the separation-of-powers doctrine by invalidating the legislature's decision to impose a reasonable statute of limitations for claims of childhood sexual abuse.

{¶ 42} In so holding, we observe that if Pratte's view prevailed, any statute of limitations that does not afford explicit discovery tolling provisions would violate the right-to-a-remedy provision, irrespective of whether it is applied retroactively or prospectively. Furthermore, the adoption of Pratte's position would discount the axiom that statutes of limitation serve a gate-keeping function for courts by "(1) ensuring fairness to the defendant, (2) encouraging prompt prosecution of causes of action, (3) suppressing stale and fraudulent claims, and (4) avoiding the inconveniences engendered by delay—specifically, the difficulties of proof present in older cases." *Doe v. Archdiocese of Cincinnati*, 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268, ¶ 10. Justice is not served in such cases.

{¶ 43} For the foregoing reasons, we hold that the 12-year statute of limitations in R.C. 2305.111(C) can be applied retroactively and does not violate the right-to-a-remedy provision of Section 16, Article of the Ohio Constitution. R.C. 2305.111(C) applies to a civil action arising from childhood sexual abuse that occurred prior to the effective date of that subsection, August 3, 2006, if no prior claim has been filed and if the former limitations period had not expired before the effective date of that subsection.

C. *Construction of R.C. 2305.111(C) and Viability of the Discovery Rule*

{¶ 44} Having determined that R.C. 2305.111(C) can be applied retroactively, we now turn to Pratte's remaining propositions of law, which aver

that the repressed-memory tolling mechanism in *Ault* remains viable after the enactment of R.C. 2305.111(C). We disagree.

{¶ 45} The primary goal in construing a statute is to ascertain and give effect to the intent of the legislature. *State v. Hairston,* 101 Ohio St.3d 308, 2004-Ohio-969, 804 N.E.2d 471, ¶ 11. In interpreting statutes, this court has long held that "the intent of the law-makers is to be sought first of all in the language employed, and if the words be free from ambiguity and doubt, and express plainly, clearly and distinctly, the sense of the law-making body, there is no occasion to resort to other means of interpretation." *Slingluff v. Weaver* (1902), 66 Ohio St. 621, 64 N.E. 574, paragraph two of the syllabus. "A court is neither to insert words that were not used by the legislature nor to delete words that were used." *Cleveland Mobile Radio Sales, Inc. v. Verizon Wireless,* 113 Ohio St.3d 394, 2007-Ohio-2203, 865 N.E.2d 1275, ¶ 12.

{¶ 46} R.C. 2305.111(C) provides:

{¶ 47} "[A]n action brought by a victim of childhood sexual abuse asserting any claim resulting from childhood sexual abuse, shall be brought within twelve years after the cause of action accrues. For purposes of this section, * * * a cause of action for a claim resulting from childhood sexual abuse, accrues upon the date on which the victim reaches the age of majority. If the defendant in an action brought by a victim of childhood sexual abuse asserting a claim resulting from childhood sexual abuse that occurs on or after the effective date of this act has fraudulently concealed from the plaintiff facts that form the basis of the claim, the running of the limitations period with regard to that claim is tolled until the time when the plaintiff discovers or in the exercise of due diligence should have discovered those facts."

{¶ 48} We find that the language of R.C. 2305.111(C) is plain and unambiguous. It is beyond dispute from the unambiguous statutory language that R.C. 2305.111(C) governs a claim resulting from childhood sexual abuse. The

statute clearly provides that a cause of action brought by a victim of childhood sexual abuse asserting any claim resulting from childhood abuse accrues upon the date on which the victim reaches the age of majority.

{¶ 49} The only exception to the accrual of the cause of action on the date the victim reaches the age of majority is when the defendant fraudulently conceals facts from the plaintiff.[2]  While R.C. 2305.111(C) explicitly sets forth a tolling provision for cases involving fraudulent concealment, the statute does not contain a tolling provision for persons with repressed memories of childhood sexual abuse.  The legislature could have included a tolling provision for repressed memory, but it chose not to do so.  That decision is a legislative prerogative that we are not permitted to overrule.  Pratte is asking this court to disregard that rule and to contravene established axioms of statutory construction by inserting words in the statute that were not used by the General Assembly.

{¶ 50} Our rationale in *Doe v. Archdiocese of Cincinnati* is particularly germane to the issues herein:

{¶ 51} "The remedy Doe seeks requires a legislative response to create such an exception to our long-standing statutes of limitations.  The dissent of Chief Justice Moyer in *Ault v. Jasko,* 70 Ohio St.3d 114 [120], 637 N.E.2d 870, is on point with the situation we consider today:

{¶ 52} " 'The majority opinion announces a rule of law that would permit a person at any age after any lapse of time between the alleged sexual abuse and the revived memory of such abuse to sue the alleged abuser for money damages. If that is to be the law of Ohio, it is the General Assembly that should declare it as such rather than this court. * * *

{¶ 53} " 'We simply do not have in the record in this case sufficient scientific, empirical or other information from which to craft a rule of law that

---

2.  Pratte does not rely on the tolling provision for fraudulent concealment.

will protect those accused of being abusers and those who have been abused or believe they have been abused as children. The proper forum to determine such issues is in the General Assembly where all views, all relevant information, all scientific data, and all empirical studies can be presented, reviewed and debated by those who have an interest in the issue.' " Id., 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268, ¶ 51–53.

**{¶ 54}** Like the plaintiff's argument in *Doe*, Pratte's argument asks this court to step into the role of the legislature and extend the limitations period for claims of childhood sexual abuse. Our basis for rejecting Doe's argument has even greater weight herein, given that the legislature has now created a specific limitations period and considered tolling provisions. We are cognizant of the proposition that some victims of childhood sexual abuse may not recover their memories of the abuse prior to the expiration of the 12-year statute of limitations, and we are not without compassion for those victims. But this court would invade the province of the legislature and violate the separation of powers if it rewrote the statute to include a tolling provision for repressed memory. See *Arbino v. Johnson & Johnson*, 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420, ¶ 21. This court will not engage in such a practice and must leave it to the General Assembly to rewrite the statute if it deems it necessary.

**{¶ 55}** Pratte's reliance on the discovery rule adopted in *Ault* to extend the statute of limitations is improper. *Ault* was an equitable rule of law created at a time when the legislature had not enacted a limitations period for claims of childhood sexual abuse and this court had adopted a one-year limitations period for claims of childhood sexual abuse. That case is patently and materially different from the situation with which we are now faced, in which the General Assembly has responded by establishing a substantially longer limitations period of 12 years.

**{¶ 56}** We can reasonably infer that the General Assembly considered repressed memory by increasing the limitations period for claims of childhood sexual abuse from one year to 12 years. It is further reasonable to infer that the legislature was reacting to *Ault*'s adoption of a discovery rule for repressed memory in enacting R.C. 2305.111(C). The fact that the legislature did not expressly denounce *Ault* is of no consequence. When the legislature amends an existing statute, the presumption is that it is aware of our decisions interpreting it. *Clark v. Scarpelli* (2001), 91 Ohio St.3d 271, 278, 744 N.E.2d 719.

**{¶ 57}** We therefore presume that when the legislature amended R.C. 2305.111(C) to include a limitations period specifically for claims of childhood sexual abuse, it was aware of our decision in *Ault*. It is reasonable to conclude that the legislature had *Ault* in mind when it increased the limitation period from one year to 12 years and sought to afford victims a greater period of time in which to recover their repressed memories.

**{¶ 58}** For these reasons, we hold that effective August 3, 2006, the statute of limitations for a cause of action of childhood sexual abuse is governed by R.C. 2305.111(C). The General Assembly did not include a tolling provision for persons with repressed memories of childhood sexual abuse, and it is not our province to add such a provision where one plainly does not exist. In light of the legislature's unambiguous enactment, the discovery rule for repressed memory announced in *Ault* is no longer viable and has been abrogated by R.C. 2305.111(C). Because Pratte did not file her claim against Stewart within the 12-year limitations period in R.C. 2305.111(C), and the fraudulent-concealment tolling provision is inapplicable, the court of appeals soundly affirmed the trial court's judgment dismissing Pratte's claim.

## Conclusion

**{¶ 59}** For the foregoing reasons, we hold that the 12-year statute of limitations in R.C. 2305.111(C) applies to a civil action arising from childhood

sexual abuse that occurred prior to the effective date of that subsection, August 3, 2006, if no prior claim has been filed and if the former limitations period had not expired before the effective date of that subsection.

{¶ 60} We further hold that pursuant to R.C. 2305.111(C), a cause of action brought by a victim of childhood sexual abuse asserting any claim resulting from childhood sexual abuse accrues upon the date on which the victim reaches the age of majority. R.C. 2305.111(C) does not contain a tolling provision for repressed memories of childhood sexual abuse. The discovery rule does not apply to toll the statute of limitations while a victim of childhood sexual abuse represses memories of that abuse.

{¶ 61} Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

BROWN, C.J., not participating.

_____

Kircher Law Office, L.L.C., and Konrad Kircher, for appellant.

Matan, Wright & Noble and Scott E. Wright, for appellee.

Gamso, Helmick & Hoolahan and Catherine G. Hoolahan, urging reversal for amici curiae, National Association to Prevent the Sexual Abuse of Children, Survivors' Network of Those Abused by Priests, and National Center for Victims of Crime.

_____