WATKINS, APPELLANT, v. DEPARTMENT OF YOUTH SERVICES, APPELLEE, ET AL.

[Cite as *Watkins v. Dept. of Youth Servs.*, 143 Ohio St.3d 477, 2015-Ohio-1776.]

(No. 2013–0824—Submitted April 30, 2014—Decided May 14, 2015.)

PFEIFER, J.

{¶ 1} In this case, we determine the applicable statute of limitations for claims alleging childhood sexual abuse committed by state employees. We hold that the 12-year statute of limitations set forth in R.C. 2305.111(C), which pertains to actions brought by victims of childhood sexual abuse, rather than the two-year statute of limitations set forth in R.C. 2743.16(A), which pertains to civil actions filed against the state, applies to such claims.

## Factual and Procedural History

{¶ 2} Appellant, Uranus Watkins, was born on August 1, 1986. Watkins alleges that between April 2, 2000, and April 2, 2001, two employees of the Department of Youth Services sexually abused her while she was in custody at the Scioto Juvenile Correctional Facility in Delaware, Ohio. Moreover, she alleges that the Department of Youth Services negligently and recklessly failed to sufficiently investigate acts of pedophilia despite its knowledge of abuse, it failed to follow or implement procedures to prevent sexual abuse, and it failed to protect the residents from sexual abuse. In addition, she asserts that by hiring and retaining the two employees, the Department of Youth Services negligently and recklessly inflicted severe emotional distress on her and breached a fiduciary duty to her.

{¶ 3} On July 31, 2012, Watkins filed a complaint in the Ohio Court of Claims against the Department of Youth Services ("DYS") and the two employees. The court dismissed the two employees from the suit because, pursuant to R.C. 2743.02(E), only state agencies and their instrumentalities can be sued in that court. DYS moved to dismiss the complaint under Civ.R. 12(B)(6), asserting that Watkins's complaint was barred by the two-year statute of limitations for civil actions against the state set forth in R.C. 2743.16(A). The court granted the motion and dismissed the action, holding that Watkins's claims were barred by R.C. 2743.16(A) because she filed her complaint more than two years after reaching the age of majority. The court explained that "it is well-settled that the limitations period set forth in R.C. 2743.16(A) applies to all actions against the state in the Court of Claims and takes precedence over all other statutes of limitation in the Revised Code." *Watkins v. Dept. of Youth Servs.*, Ct. of Cl. No. 2012–05851 (Sept. 18, 2012), at 2, citing *Cargile v. Ohio Dept. of Adm. Servs.*, 10th Dist. Franklin No. 11AP–743, 2012-Ohio-2470, 2012 WL 1997701, ¶ 12; *Simmons v. Ohio Rehab. Servs. Comm.*, 10th Dist. Franklin No. 09AP–1034, 2010-Ohio-1590, 2010 WL 1408236, ¶ 6; *Grenga v. Youngstown State Univ.*, 10th Dist. Franklin No. 11AP–165, 2011-Ohio-5621, 2011 WL 5185536, ¶ 17.

{¶ 4} Watkins appealed, and the Tenth District Court of Appeals affirmed the judgment of the Court of Claims, stating that "R.C. 2743.16 does not provide for the tolling of the statute of limitations through the operation of R.C. 2305.111." *U.W. v. Dept. of Youth Servs.*, 10th Dist. Franklin No. 12AP–959, 2013-Ohio-1779, 2013 WL 1838676, at ¶ 5. The court wrote that "the statutory framework enacted when the State of Ohio partially waived governmental immunity has not been amended to allow any claims to be pursued against the State of Ohio more than two years after the claims accrued." *Id.* at ¶ 6.

{¶ 5} Watkins appealed to this court, asserting in her sole proposition of law that "[t]he appellate court erred in sustaining the trial court's decision dismissing

the plaintiff's claims pursuant to [Civ.R.] 12(B)(6) because the plaintiff's claims are not conclusively time-barred by the statute of limitations of a sex abuse action." The cause is before this court upon the allowance of a discretionary appeal.

## Law and Analysis

{¶ 6} Watkins raises two arguments. First, she argues that the General Assembly intended R.C. 2305.111 to apply to all claims of childhood sexual abuse, whether the tortfeasor was a private or governmental actor. Second, she argues that if the General Assembly did intend that a separate, shorter statute of limitations should apply to claims against the state arising from childhood sexual abuse, such disparate treatment of victims violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

{¶ 7} We conclude as a matter of statutory interpretation that the statute of limitations contained in R.C. 2305.111(C) applies to claims against both public and private tortfeasors. Accordingly, we decline to address Watkins's constitutional argument; "when a case can be decided on other than a constitutional basis, we are bound to do so." *State ex rel. Crabtree v. Ohio Bur. of Workers' Comp.*, 71 Ohio St.3d 504, 507, 644 N.E.2d 361 (1994).

### *Statutes of Limitations for Claims of Childhood Sexual Abuse*

{¶ 8} In *Ault v. Jasko*, 70 Ohio St.3d 114, 637 N.E.2d 870 (1994), this court addressed the statute of limitations for sexual-abuse claims in cases where victims of childhood sexual abuse repressed memories of that abuse. This court held that the discovery rule applied in such cases. *Id.* at paragraph one of the syllabus. Thus, we further held that "[t]he one-year statute of limitations period for sexual abuse in Ohio begins to run when the victim recalls or otherwise discovers that he or she was sexually abused, or when, through the exercise of reasonable diligence, the victim should have discovered the sexual abuse." *Id.* at paragraph two of the syllabus.

{¶ 9} The statute of limitations itself was just one year. This court had held in *Doe v. First United Methodist Church*, 68 Ohio St.3d 531, 629 N.E.2d 402 (1994), paragraph one of the syllabus, that a "cause of action premised upon acts of sexual abuse is subject to the one-year statute of limitations for assault and battery" as set forth in former R.C. 2305.111. But under the discovery rule, the cause of action accrued when a victim of childhood sexual abuse discovers that he or she was abused, so the one-year statute of limitations could be tolled for many years. The statute of limitations, tempered by the discovery rule, applied to claims against public as well as private actors, since R.C. 2743.16(A) mandates the use of shorter limitations periods when applicable.

{¶ 10} In 2006, the General Assembly passed Am.Sub.S.B. No. 17 ("S.B. 17"), which substantially rewrote R.C. 2305.111, setting a firm accrual date as the date on which the victim attains the age of majority for claims based on childhood sexual abuse, but also greatly expanding the limitations period for such claims to 12 years. 151 Ohio Laws, Part I, 1108, 1127–1129. R.C. 2305.111(C), which contains those changes, reads:

> An action for assault or battery brought by a victim of childhood sexual abuse based on childhood sexual abuse, or an action brought by a victim of childhood sexual abuse asserting any claim resulting from childhood sexual abuse, *shall be brought within twelve years after the cause of action accrues.* For purposes of this section, a cause of action for assault or battery based on childhood sexual abuse, or a cause of action for a claim resulting from childhood sexual abuse, *accrues upon the date on which the victim reaches the age of majority.*

(Emphasis added.)

{¶ 11} In *Pratte v. Stewart*, 125 Ohio St.3d 473, 2010-Ohio-1860, 929 N.E.2d 415, ¶ 56, this court acknowledged that the General Assembly was likely responding to *Ault* in enacting the changes to R.C. 2305.111:

> We can reasonably infer that the General Assembly considered repressed memory by increasing the limitations period for claims of childhood sexual abuse from one year to 12 years. It is further reasonable to infer that the legislature was reacting to *Ault'*s adoption of a discovery rule for repressed memory in enacting R.C. 2305.111(C).

{¶ 12} The question we face in this case is whether the General Assembly, in enacting S.B. 17, intended to change the statute of limitations only for claims against private citizens and not for claims against the state.

### Statute of Limitations for Claims Against the State

{¶ 13} We consider that question by first taking into account R.C. 2743.16(A), which provides that "civil actions against the state permitted by sections 2743.01 to 2743.20 of the Revised Code shall be commenced *no later than two years after the date of accrual of the cause of action* or within any shorter period that is applicable to similar suits between private parties." (Emphasis added.) Certainly, R.C. 2305.03(A) provides the legislative authority for the state to opt out of the statute of limitations set forth in R.C. 2305.111. R.C. 2305.03(A) states that *"unless a different limitation is prescribed by statute,* a civil action may be

commenced only within the period prescribed in sections 2305.04 to 2305.22 of the Revised Code." (Emphasis added.)

{¶ 14} By prescribing the two-year statute of limitations in R.C. 2743.16(A) for civil actions against the state, did the General Assembly intend to exempt the state from R.C. 2305.111(C)?

### *Application of R.C. 2305.111(C) to Claims Against the State*

{¶ 15} In S.B. 17, the General Assembly made it clear that R.C. 2305.111 applies without limitation to all civil actions filed on or after August 3, 2006, the effective date of the act. The bill not only amended R.C. 2305.111, but also amended R.C. 2305.10(E) to read, "An action brought by a victim of childhood sexual abuse asserting *any* claim resulting from childhood sexual abuse, as defined in section 2305.111 of the Revised Code, shall be brought as provided in division (C) of that section." (Emphasis added.) *Id.* at 1127. We read that sentence as starkly as it is written, i.e., that *any* claim resulting from childhood sexual abuse as statutorily defined—without exception and without regard to whether the tortfeasor was a private or state actor—must be brought as provided in R.C. 2305.111(C).

{¶ 16} Further, uncodified Section 3(B) of S.B. 17 reads:

> The amendments to section 2305.111 of the Revised Code made in this act shall apply to *all* civil actions for assault or battery brought by a victim of childhood sexual abuse based on childhood sexual abuse * * * [and] to *all* civil actions brought by a victim of childhood sexual abuse for a claim resulting from childhood sexual abuse * * *.

(Emphasis added.) 151 Ohio Laws, Part I, 1181. Again in that section, the General Assembly allows for no distinction between public and private tortfeasors: R.C. 2305.111(C) applies to *all* claims. "Any" means any, and "all" means all.

{¶ 17} Moreover, by including the conduct of state actors in R.C. 2305.111's definition of childhood sexual abuse, the state has manifested its intent that claims against state actors are governed by the 12–year limitations period set forth in division (C) of that statute. For example, one of the forms of childhood sexual abuse defined in R.C. 2305.111(A) is sexual imposition or gross sexual imposition committed in certain specified circumstances. R.C. 2305.111(A)(1)(b). One of those circumstances occurs when "[t]he victim is confined in a detention facility, and the actor is an employee of that detention facility." R.C. 2305.111(A)(1)(b)(vii). Detention-facility workers are often state employees. R.C. 2305.111(A)(1)(a) further defines childhood sexual abuse as including viola-

tions of R.C. 2907.03, sexual battery. R.C. 2907.03(A) defines the crime of sexual battery as sexual conduct with another when certain factors apply, including when "[t]he other person is confined in a detention facility, and the offender is an employee of that detention facility." R.C. 2907.03(A)(11). In addition to the acts of detention-facility workers, R.C. 2305.111 also applies to acts committed by other persons who could be employees of the state, e.g., teachers, coaches, administrators, and authority figures in schools and institutions of higher education, R.C. 2305.111(A)(1)(b)(iii) and (b)(iv). State actors might also have authority over persons who are "in custody of law," another category of victim subject to the 12–year limitations period for claims of childhood sexual abuse. R.C. 2305.111(A)(1)(b)(ii).

{¶ 18} Thus, the very definition of childhood sexual abuse includes the wrongful conduct of state employees. The plain language of R.C. 2305.111 reveals the legislature's intent that claims against the state resulting from childhood sexual abuse are subject to a 12–year statute of limitations and an accrual date of the age of majority.

### Resolution of Conflict Between Statutes

{¶ 19} The statute of limitations in R.C. 2305.111 thus conflicts with the statement in R.C. 2743.16(A) that "civil actions against the state * * * shall be commenced no later than two years after the date of accrual of the cause of action or within any shorter period that is applicable to similar suits between private parties." However, "[u]tilizing the rules of statutory construction contained in R.C. 1.12, 1.51, and 1.52, a specific statute, enacted later in time than a preexisting general statute, will control where a conflict between the two arises." *Davis v. State Personnel Bd. of Rev.*, 64 Ohio St.2d 102, 105, 413 N.E.2d 816 (1980). R.C. 2305.111(C), enacted in 2006, is a more recent statute than R.C. 2743.16(A), which was first enacted in 1975, 135 Ohio Laws, Part II, 869, 878, and took its essentially current form in 1977, 137 Ohio Laws, Part I, 1950, 1956–1957. R.C. 2305.111(C) is also more specific—it sets forth a limitations period that applies to only one category of civil actions, those resulting from childhood sexual abuse, whereas R.C. 2743.16(A) applies broadly to "civil actions against the state." Thus, as the more recent and more specific enactment, R.C. 2305.111(C) provides the limitations period for claims against the state resulting from childhood sexual abuse.

### Whether the Statute of Limitations on Watkins's Claims Expired Before the Enactment of S.B. 17

{¶ 20} One more issue remains to be addressed: whether the statute of limitations for Watkins's claims had expired by August 3, 2006, the effective date of S.B. 17. This issue was not considered by the trial court or the appellate court

because each held that R.C. 2743.16(A) was the appropriate statute of limitations for claims involving sexual abuse committed by state actors. R.C. 2305.111(C) is retroactive, but includes within its reach only claims for which the former statute of limitations had not expired prior to the effective date of S.B. 17. *Pratte,* 125 Ohio St.3d 473, 2010-Ohio-1860, 929 N.E.2d 415, ¶ 43. Thus, R.C. 2305.111(C) applies to Watkins's claims only if the statute of limitations in place before S.B. 17 had not expired prior to August 3, 2006.

{¶ 21} Watkins turned 18 years old on August 1, 2004. Prior to S.B. 17, the statute of limitations for assault and battery was one year. Former R.C. 2305.111, 2002 S.B. No. 9, 149 Ohio Laws, Part I, 1241, 1242. Thus, if Watkins's claims accrued on her 18th birthday, the statute of limitations on those claims would have expired on August 1, 2005, well before the August 3, 2006 effective date of S.B. 17. However, as we acknowledged in *Pratte,* under the former statute, the discovery rule determined the accrual date of a cause of action rooted in sexual assault. The plaintiff in *Pratte* was allegedly abused in 1984 and turned 18 years old in 1992, but due to repressed memories, she did not discover that she had been abused until 2007. *Id.* at ¶ 5–6. Thus, the limitations period under the former statute had not expired by the time S.B. 17 was enacted in 2006, and the plaintiff's claims were subject to the 12–year statute of limitations and accrual date of the age of majority.

{¶ 22} Which statute of limitations is applicable to Watkins's claims depends on when she discovered that she had been sexually abused. In her brief, Watkins claims that when S.B. 17 was enacted, "she had not yet discovered her abuse." Due to the procedural posture of the case—dismissal on a Civ.R. 12(B)(6) motion based on the supposed applicability of R.C. 2743.16(A) and without the development of a record—the question of when Watkins discovered her abuse has not been litigated. It may turn out that R.C. 2305.111(C) does not apply to Watkins's claims—not because the abuse was committed by a state actor but because her claims had expired before the effective date of S.B. 17.

## Conclusion

{¶ 23} R.C. 2305.111(C) is the statute of limitations for claims against the state resulting from childhood sexual abuse. The appellate court erred in holding that a claim resulting from childhood sexual abuse cannot be pursued against the state more than two years after the claim accrued. Accordingly, we reverse the judgment of the Tenth District Court of Appeals and remand the cause to the trial court.

Judgment reversed
and cause remanded.

O'CONNOR, C.J., and KILBANE and O'NEILL, JJ., concur.

O'Donnell, Kennedy, and French, JJ., dissent.

Mary Eileen Kilbane, J., of the Eighth Appellate District, sitting for Lanzinger, J.

---

**O'Donnell, J., dissenting.**

{¶ 24} Respectfully, I dissent.

{¶ 25} The two-year statute of limitations set forth in R.C. 2743.16(A) pertaining to all civil actions filed against the state applies to the sexual abuse claims filed against the state in this case and dictates the outcome of this matter.

{¶ 26} R.C. 2305.111(C) provides a general 12–year statute of limitations for an action for assault or battery brought by a victim of childhood sexual abuse, or an action brought by a victim of childhood sexual abuse asserting any claim resulting from childhood sexual abuse.

{¶ 27} Although R.C. 2305.03(A) provides that a civil action may be commenced only within the period prescribed in R.C. 2305.04 to 2305.22, it contains a conditional clause and thereby creates an exception to the specified statute of limitations by stating, "*unless a different limitation is prescribed by statute.*" (Emphasis added.)

{¶ 28} R.C. 2743.16(A) prescribes a two-year statute of limitations for civil actions filed against the state. Thus, this statute prescribes a different statute of limitations for claims filed against the state. R.C. 2305.03(A) and R.C. 2743.16(A) are to be read in pari materia, and that process dictates that R.C. 2743.16(A) controls. R.C. 2305.111(A)(1)(b) lists a broad range of childhood sexual abuse that is subject to a 12–year statute of limitations, but the smaller class of childhood sexual abuse cases filed against the state is subject to a two-year statute of limitations.

{¶ 29} The majority declines to address Watkins's equal protection claim, concluding that Watkins's claim need not be reached. Majority opinion at ¶ 7. However, R.C. 2743.16(A) does not violate the Equal Protection Clause, because there is a rational basis for providing a two-year limitations period for childhood sexual abuse claims brought against the state—the timely discovery of childhood sexual abusers and the conservation of public resources.

{¶ 30} In this case, Watkins filed her childhood sexual abuse claim against the Department of Youth Services with the Court of Claims on July 31, 2012—the day before her 26th birthday—and more than two years after she had reached the age of majority. By operation of law, that claim is time barred because R.C. 2743.16(A) is the two-year statute of limitations for all claims filed against the state. Therefore, the judgment of the court of appeals should be affirmed.

## Law and Analysis

### *Statutes of Limitations*

{¶ 31} In accordance with R.C. 2743.02(A)(1), the state "waives its immunity from liability * * * and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties, *except that the determination of liability is subject to the limitations set forth in this chapter * * *.*" (Emphasis added.)

{¶ 32} One of those limitations is set forth in R.C. 2743.16(A), which provides that "civil actions against the state permitted by sections 2743.01 to 2743.20 of the Revised Code shall be commenced *no later than two years after the date of accrual of the cause of action* or within any shorter period that is applicable to similar suits between private parties." (Emphasis added.) By including a two-year statute of limitations period for claims brought against the state within R.C. Chapter 2743, the General Assembly evidenced its intent that the two-year limitations period prevail over other longer limitations applicable to claims against private parties. *See Simmons v. Ohio Rehab. Servs. Comm.,* 10th Dist. Franklin No. 09AP–1034, 2010-Ohio-1590, 2010 WL 1408236, ¶ 6.

{¶ 33} Admittedly, R.C. 2305.111(C) sets forth a 12–year statute of limitations for victims of childhood sexual abuse:

> An action for assault or battery brought by a victim of childhood sexual abuse based on childhood sexual abuse, or an action brought by a victim of childhood sexual abuse asserting any claim resulting from childhood sexual abuse, *shall be brought within twelve years after the cause of action accrues.* For purposes of this section, a cause of action for assault or battery based on childhood sexual abuse, or a cause of action for a claim resulting from childhood sexual abuse, *accrues upon the date on which the victim reaches the age of majority.*

(Emphasis added.)

{¶ 34} R.C. 2305.111(A)(1) defines "childhood sexual abuse" as

> any conduct that constitutes any of the violations identified in division (A)(1)(a) or (b) of this section and would constitute a criminal offense under the specified section or division of the Revised Code, if the victim of the violation is at the time of the violation a child under eighteen years of age * * *. This division applies to any of the following violations committed in the following specified circumstances:

(a) A violation of section 2907.02 [rape] or of division (A)(1), (5), (6), (7), (8), (9), (10), (11), or (12) of section 2907.03 [sexual battery] of the Revised Code;

(b) A violation of section 2907.05 [gross sexual imposition] or 2907.06 [sexual imposition] of the Revised Code if, at the time of the violation, any of the following apply:

\* \* \*

(ii) The victim is in custody of law or a patient in a hospital or other institution, and the actor has supervisory or disciplinary authority over the victim.

\* \* \*

(vii) The victim is confined in a detention facility, and the actor is an employee of that detention facility.

{¶ 35} The apparent conflict regarding the statute of limitations for these kinds of claims is resolved because the General Assembly created an exception to the limitations period set forth in R.C. 2305.111 by providing in R.C. 2305.03(A), *"unless a different limitation is prescribed by statute,* a civil action may be commenced only within the period prescribed in sections 2305.04 to 2305.22 of the Revised Code." (Emphasis added.) And the General Assembly did provide a different limitation period for childhood sexual abuse cases against the state in R.C. 2743.16(A), which prescribes a two-year statute of limitations for civil actions filed against the state.

{¶ 36} We have previously explained that "[s]tatutes that are plain and unambiguous must be applied as written without further interpretation." *Proctor v. Kardassilaris,* 115 Ohio St.3d 71, 2007-Ohio-4838, 873 N.E.2d 872, ¶ 12. A plain reading of these statutes dictates that the two-year statute of limitations set forth in R.C. 2743.16(A) controls over R.C. 2305.111(C), and therefore, we should apply the law as written.

{¶ 37} Moreover, R.C. 2743.02(A)(1) and 2305.03(A) resolve any perceived conflict between R.C. 2305.111 and 2743.16(A) by their very terms, and thus it is not necessary to resort to the interpretational tool of deciding which is the specific provision, as the majority does. Majority opinion at ¶ 19. *See Silver Lake v. Metro Regional Transit Auth.,* 111 Ohio St.3d 324, 2006-Ohio-5790, 856 N.E.2d 236, ¶ 17, quoting *Symmes Twp. Bd. of Trustees v. Smyth,* 87 Ohio St.3d 549, 553, 721 N.E.2d 1057 (2000) (" 'When the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no need for this court to apply the rules of statutory interpretation' "). *See also* R.C. 1.51 ("If a

general provision *conflicts* with a special or local provision, they shall be construed, if possible, so that effect is given to both" [emphasis added] ).

{¶ 38} Notably, we have recognized that the General Assembly is the body to determine the policy of the state. As we stated in *Stetter v. R.J. Corman Derailment Servs., L.L.C.,* 125 Ohio St.3d 280, 2010-Ohio-1029, 927 N.E.2d 1092, ¶ 35:

> It is not the role of the courts "to establish legislative policies or to second-guess the General Assembly's policy choices. '[T]he General Assembly is responsible for weighing [policy] concerns and making policy decisions; we are charged with evaluating the constitutionality of their choices.'" *Groch v. Gen. Motors Corp.,* 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 377, ¶ 212, quoting *Arbino [v. Johnson & Johnson ]*, 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420, at ¶ 113.

{¶ 39} Thus, in accordance with the legislative policy established by the General Assembly, the two-year statute of limitations set forth in R.C. 2743.16(A) applies to claims against the state arising out of childhood sexual abuse.

{¶ 40} Whether a longer statute of limitations or the shorter, limited two-year statute of limitations applies to actions filed against the state in the Court of Claims has been litigated in the Tenth District Court of Appeals. *See* R.C. 2743.20. The Tenth District has consistently decided that the limited two-year statute of limitations applies to civil actions brought against the state, except for two cases concerning discrimination claims—*Senegal v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. Franklin No. 93API08–1161, 1994 WL 73895 (Mar. 10, 1994), *overruled by McFadden v. Cleveland State Univ.,* 10th Dist. Franklin No. 06AP–638, 2007-Ohio-298, 2007 WL 184828, ¶ 10, *rev'd on other grounds,* 120 Ohio St.3d 54, 2008-Ohio-4914, 896 N.E.2d 672, and *Harris v. Ohio Dept. of Adm. Serv.,* 63 Ohio App.3d 115, 577 N.E.2d 1180 (10th Dist.1989), later determined to be no longer "viable precedent" in *Williams v. Bur. of Workers' Comp.,* 10th Dist. Franklin No. 09AP–1076, 2010-Ohio-3210, 2010 WL 2706160, ¶ 18.

{¶ 41} Notably, in 1992 in *Fellman v. Ohio Dept. of Commerce, Div. of Securities,* 10th Dist. Franklin No. 92AP–457, 1992 WL 249607 (Sept. 29, 1992), in an action brought in the Court of Claims for damages stemming from securities fraud, the Tenth District rejected a claim that the four-year statute of limitations in R.C. 2305.09 should apply. *Fellman* states that the statute of limitations contained in R.C. 2743.16(A) "applies to all actions against the state in the Ohio Court of Claims. The statute was enacted at the time that the Court of Claims was created and was clearly intended to take precedence over all other statute of

limitations provisions of the Ohio Revised Code in situations where the state was being sued in the Ohio Court of Claims." *Id.* at *2.

{¶ 42} In *Grenga v. Youngstown State Univ.*, 10th Dist. Franklin No. 11AP–165, 2011-Ohio-5621, 2011 WL 5185536, on claims of trespass and invasion of privacy, the Tenth District again rejected a claim that a four-year statute of limitations contained in R.C. 2305.09 should apply instead of the two-year statute of limitations in R.C. 2743.16. *Grenga* states:

> This court has rejected the assertion that longer, general statutes of limitations for tort claims apply over the R.C. 2743.16(A) two-year statute of limitations in actions against the state in the Court of Claims. See *Windsor House, Inc. v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 09AP–584, 2010-Ohio-257 [2010 WL 323269]; *Simmons v. Ohio Rehab. Servs. Comm.*, 10th Dist. No. 09AP–1034, 2010-Ohio-1590 [2010 WL 1408236]. "R.C. 2743.16(A) 'was clearly intended to take precedence over all other statute of limitations provisions of the Ohio Revised Code in situations where the state was being sued in the Ohio Court of Claims.'" *Windsor House* at ¶ 20, quoting *Fellman v. Ohio Dept. of Commerce, Div. of Secs.* (Sept. 29, 1992), 10th Dist. No. 92AP–457 [1992 WL 249607]. * * *
>
> Although R.C. 2743.16(A) provides that a shorter limitations period applicable to similar suits between private parties may apply to actions against the state in the Court of Claims, all other actions against the state in the Court of Claims are subject to a two-year limitations period. Accordingly, the longest limitations period applicable to actions against the state in the Court of Claims is two years. * * *.

*Id.* at ¶ 17–18.

{¶ 43} And in *Cargile v. Ohio Dept. of Adm. Servs.*, 10th Dist. Franklin No. 11AP–743, 2012-Ohio-2470, 2012 WL 1997701, the Tenth District Court of Appeals rejected a contention that the former 15–year statute of limitations for written contracts should govern the action rather than the two-year statute of limitations contained in R.C. 2743.16(A). *Cargile* states:

> Pursuant to R.C. 2743.16(A), "civil actions against the state permitted by sections 2743.01 to 2743.20 of the Revised Code shall be commenced no later than two years after the date of accrual of the cause of action or within any shorter period that is applicable to similar suits between private parties." The General Assembly "clearly intended for [the] two-year

limitation period [set forth in R.C. 2743.16(A) ] to take precedence over all other statutes of limitation in the Revised Code at large." *Simmons v. Ohio Rehab. Servs. Comm.*, 10th Dist. No. 098AP–1034 [sic, 09AP–1034], 2010-Ohio-1590 [2010 WL 1408236], ¶ 6; *see also Grenga v. Youngstown State Univ.*, 10th Dist. No. 11AP–165, 2011-Ohio-5621 [2011 WL 5185536], ¶ 17; *Windsor House, Inc. v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 09AP–584, 2010-Ohio-257 [2010 WL 323269], ¶ 20. Therefore, the longest limitations period applicable to actions in the Court of Claims is two years. *Grenga* at ¶ 18.

*Id.* at ¶ 12.

{¶ 44} In my view, such precedent fortifies the conclusion that the shorter two-year statute of limitations contained in R.C. 2743.16(A) applies in this case and controls over the 12–year statute of limitations in R.C. 2305.111(C) to claims against the state arising out of childhood sexual abuse.

{¶ 45} The facts in this case demonstrate that Watkins reached the age of majority on August 1, 2004, but she did not file her complaint against the Department of Youth Services until July 31, 2012. Because the lawsuit is governed by a two-year statute of limitations period, her claims against the Department of Youth Services are time barred.

### Equal Protection

{¶ 46} Watkins failed to present an equal protection argument in the Court of Claims in either her complaint or in her response to the state's motion to dismiss. Although she did assert such an argument in her brief before the court of appeals, that court did not address it in its opinion. Watkins did not raise the equal protection argument as a proposition of law, but she did reference it in her brief in this court. While the majority does not discuss it, the argument lacks merit.

{¶ 47} In evaluating an equal protection challenge, we determine whether to apply a rational basis analysis or strict scrutiny review based upon whether a fundamental interest or suspect class is involved. If either of those elements is involved, strict scrutiny applies. *Arbino v. Johnson & Johnson,* 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420, ¶ 64; *Conley v. Shearer,* 64 Ohio St.3d 284, 289, 595 N.E.2d 862 (1992).

{¶ 48} We have previously concluded that "there is no fundamental right to sue the state or its employees. The state voluntarily consents to be sued and may qualify and draw perimeters around the granted right without violating equal protection." *Conley* at 290–291, citing *Grange Mut. Cas. Co. v. Columbus,* 49 Ohio App.3d 50, 52, 550 N.E.2d 524 (10th Dist.1989).

{¶ 49} Further, in *Eppley v. Tri–Valley Local School Dist. Bd. of Edn.*, 122 Ohio St.3d 56, 2009-Ohio-1970, 908 N.E.2d 401, we addressed whether R.C. 2125.04, the wrongful death saving statute, violated equal protection. Eppley urged that "strict scrutiny is appropriate because parents have a fundamental right to enjoy a loving relationship with their children." *Id.* at ¶ 16. We rejected this argument, explaining that "R.C. 2125.04 does not implicate this right because, on its face, it addresses only the right to refile a wrongful death lawsuit. It does not address the parent-child relationship." *Id.* Thus, we concluded that the right of a parent to sue for a child's wrongful death "is not a fundamental right that merits strict scrutiny." *Id.*

{¶ 50} Although Watkins asserts that this case involves the fundamental right of privacy, R.C. 2743.16(A) does not implicate this right, because it pertains to the right to bring a civil action against the state, which is not a fundamental right. *See Conley,* 64 Ohio St.3d at 290–291, 595 N.E.2d 862, ("there is no fundamental right to sue the state or its employees"); *see also Eppley* at ¶ 16 (saving statute for wrongful death addresses only the right to refile a lawsuit; it does not implicate the fundamental right of parents to a relationship with their child). Thus, R.C. 2743.16(A) is subject to rational basis analysis rather than strict scrutiny review. *See Conley* at 289, quoting *State ex rel. Heller v. Miller,* 61 Ohio St.2d 6, 11, 399 N.E.2d 66 (1980) (" 'Under the equal protection clause, in the absence of state action impinging on a fundamental interest or involving a suspect class, a rational basis analysis is normally used' ").

{¶ 51} As the United States Supreme Court has articulated, "a classification neither involving fundamental rights nor proceeding along suspect lines is accorded a strong presumption of validity." *Heller v. Doe,* 509 U.S. 312, 319, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993). The court further explained that "[s]uch a classification cannot run afoul of the Equal Protection Clause if there is a rational relationship between the disparity of treatment and some legitimate governmental purpose." *Id.* at 320, citing *Nordlinger v. Hahn,* 505 U.S. 1, 11, 112 S.Ct. 2326, 120 L.Ed.2d 1 (1992), and *New Orleans v. Dukes,* 427 U.S. 297, 303, 96 S.Ct. 2513, 49 L.Ed.2d 511 (1976). Thus, "a classification 'must be upheld against [an] equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification.' " *Id.,* quoting *Fed. Communications Comm. v. Beach Communications, Inc.,* 508 U.S. 307, 313, 113 S.Ct. 2096, 124 L.Ed.2d 211 (1993).

{¶ 52} Moreover, " '[w]here the traditional rational basis test is used great deference is paid to the state * * *.' " *Conley,* 64 Ohio St.3d at 289, 595 N.E.2d 862, quoting *State ex rel. Heller v. Miller,* 61 Ohio St.2d at 11, 399 N.E.2d 66; *see also State v. Williams,* 88 Ohio St.3d 513, 531, 728 N.E.2d 342 (2000), citing *Turner Broadcasting Sys. v. Fed. Communications Comm.,* 520 U.S. 180, 195,

117 S.Ct. 1174, 137 L.Ed.2d 369 (1997) ("Under the rational basis standard, we are to grant substantial deference to the predictive judgment of the General Assembly"). Thus, "[o]ur equal protection review does not require us to conclude that the state has chosen the best means of serving a legitimate interest, only that it has chosen a rational one." *Fabrey v. McDonald Village Police Dept.,* 70 Ohio St.3d 351, 354, 639 N.E.2d 31 (1994).

{¶ 53} Applying this standard, the two-year statute of limitations for claims against the state arising out of childhood sexual abuse is rationally related to legitimate state interests of discovering and correcting criminal conduct of its employees in an expeditious and timely manner and of conserving the state's fiscal resources. *See generally Menefee v. Queen City Metro,* 49 Ohio St.3d 27, 29, 550 N.E.2d 181 (1990), and *Fabrey* at 353. Accordingly, applying the two-year statute of limitations set forth in R.C. 2743.16(A) to actions brought against the state involving childhood sexual abuse does not violate equal protection.

## Conclusion

{¶ 54} The General Assembly has specifically expressed its intent that the two-year statute of limitations for civil actions brought against the state takes precedence over the longer statute of limitations applicable to suits brought against private parties. Because R.C. 2743.16(A) prescribes a two-year statute of limitations for claims brought against the state, it falls within the exception to R.C. 2305.111(C) set forth in R.C. 2305.03(A) as a different limitation prescribed by statute. Also, R.C. 2743.16(A) does not violate the Equal Protection Clause, as there is a rational basis for providing a two-year limitations period for civil actions arising out of childhood sexual abuse that are brought against the state. Unlike the majority, I would therefore conclude that R.C. 2743.16(A) governs claims involving childhood sexual abuse against the state in the Court of Claims.

{¶ 55} Because in this case Watkins filed her complaint alleging childhood sexual abuse against the Department of Youth Services in the Court of Claims more than two years after she reached the age of majority, her claims against the state are time barred pursuant to R.C. 2743.16(A).

{¶ 56} For these reasons, I would affirm the judgment of the Tenth District Court of Appeals.

KENNEDY, J., concurs in the foregoing opinion.

———

FRENCH, J., dissenting.

{¶ 57} I respectfully dissent. With respect to its discussion of the statute of limitations that applies to sexual-abuse claims filed against the state, I join

Justice O'Donnell's dissenting opinion. The two-year statute of limitations in R.C. 2743.16(A) applies to all civil actions filed against the state, unless a shorter limitations period applies to similar suits between private parties. Although R.C. 2305.111(C) establishes a 12–year statute of limitations for an action for assault or battery brought by a victim of childhood sexual abuse, or an action brought by a victim of childhood sexual abuse asserting any claim resulting from childhood sexual abuse, the two-year statute of limitations applies when such claims are asserted against the state.

{¶ 58} That result is evident from not only the plain language of R.C. 2743.16(A), but also the plain language of R.C. 2305.03(A), which states that a civil action may be commenced only within the period prescribed in R.C. 2305.04 to 2305.22, "unless a different limitation is prescribed by statute." Here, a different limitation is prescribed by R.C. 2743.16(A), and that ends the matter.

{¶ 59} I nevertheless dissent separately because I would not address the equal-protection challenge that appellant, Uranus Watkins, raises in her merit brief. Watkins argues that application of the R.C. 2743.16(A) two-year statute of limitations to plaintiffs suing the state violates the constitutional guarantee of equal protection when the same claims against private entities would be subject to a 12–year statute of limitations. As Justice O'Donnell notes, Watkins did not raise an equal-protection argument in the Court of Claims. Although Watkins did make a perfunctory equal-protection argument before the Tenth District Court of Appeals, that court did not address that argument.

{¶ 60} Courts decide constitutional issues only when absolutely necessary. *State ex rel. Essig v. Blackwell,* 103 Ohio St.3d 481, 2004-Ohio-5586, 817 N.E.2d 5, ¶ 34, quoting *State ex rel. DeBrosse v. Cool,* 87 Ohio St.3d 1, 7, 716 N.E.2d 1114 (1999). A constitutional challenge to a statute not raised in the trial court is waived, and an appellate court need not address that issue. *Gibson v. Meadow Gold Dairy,* 88 Ohio St.3d 201, 204, 724 N.E.2d 787 (2000), citing *State v. Awan,* 22 Ohio St.3d 120, 489 N.E.2d 277 (1986). Not only did Watkins not raise an equal-protection challenge in the Court of Claims, she has not raised an equal-protection challenge in a proposition of law before this court; her sole proposition of law states that her claims are not time-barred by the statute of limitations for claims of childhood sexual abuse. In light of Watkins's failure to raise an equal-protection challenge in the Court of Claims, it was not necessary for the court of appeals to address the equal-protection question, nor is it necessary for this court to opine on the constitutionality of applying the two-year statute of limitations in R.C. 2743.16(A) to Watkins's claims. Watkins waived that issue by not raising it in the Court of Claims.

{¶ 61} For these reasons, although I agree with Justice O'Donnell's dissenting opinion that the statute of limitations contained in R.C. 2743.16(A) applies to

Watkins's claims against the state, I would refrain from any discussion of Watkins's equal-protection challenge.

---

The Law Office of Jill R. Flagg and Jill R. Flagg, for appellant.

Michael DeWine, Attorney General, Eric E. Murphy, State Solicitor, Peter K. Glenn–Applegate, Deputy Solicitor, and Eric A. Walker, Senior Assistant Attorney General, for appellee.

Landskroner Grieco Merriman, L.L.C., and Drew Legando, urging reversal for amicus curiae, Landskroner Foundation for Children.