[Cite as *Antoun v. Shelly Co.*, 2017-Ohio-4387.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| RONALD R. ANTOUN | ) | |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | CASE NOS. 2016 MA 0040 |
| VS. | ) | 2016 MA 0042 |
| | ) | |
| THE SHELLY COMPANY, et al. | ) | OPINION |
| | ) | |
| DEFENDANTS-APPELLANTS | ) | |

CHARACTER OF PROCEEDINGS:    Civil Appeal from the Court of Common
Pleas of Mahoning County, Ohio
Case No. 13 CV 3228

JUDGMENT:                    Reversed and remanded.

APPEARANCES:

For Plaintiff-Appellee

Attorney Frank Gallucci, III
Attorney Fred Papalardo, Jr.
55 Public Square, Suite 2222
Cleveland, Ohio 44113

Attorney Paul Flowers
Terminal Tower, 35th Floor
55 Public Square
Cleveland, Ohio 44113

For Defendant-Appellant, The Shelly Co.

Attorney Kelly Johns
11 Federal Plaza Central, Suite 1200
Youngstown, Ohio 44503

For Defendant, Ohio Bureau of Workers' Compensation

Attorney Lisa Reid
Assistant Attorney General
Workers' Compensation Section
20 West Federal Street, 3rd Floor
Youngstown, Ohio 44503

JUDGES:

Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Carol Ann Robb

Dated: June 16, 2017

DeGENARO, J.

{¶1} Defendants-Appellants, the Shelly Company and the Administrator of the Ohio Bureau of Workers' Compensation, appeal the trial court judgment granting Plaintiff-Appellee, Ronald Antoun's motion to dismiss without prejudice Antoun's administrative appeal pursuant to Civ. R. 41, without the company's consent. As the Company's and BWC's assigned error is meritorious, the judgment of the trial court is reversed and the case remanded for further proceedings.

{¶2} While Antoun was working he was involved in a vehicle accident on September 17, 2012. Antoun's workers' compensation claim was initially allowed for cervical sprain/strain and lumbar sprain/strain, and later additionally allowed by the Industrial Commission for cervical disc displacement C5-C6. On November 14, 2013, the Company appealed the Industrial Commission decision allowing Antoun's claim for cervical disc displacement to the common pleas court.

{¶3} Two years later, following the completion of discovery and several trial continuances as a result of Antoun changing attorneys three times and his separately pending personal injury case, on December 21, 2015, Antoun filed a motion to voluntarily dismiss his complaint, which he based on alternative grounds. Curiously, he first relied on Civ. R. 41(A)(1)(a), which governs notices of dismissal and does not require judicial action, relying on *Ferguson v. State,* 8th Dist. No. 102553, 2015-Ohio-4499, noting that the Eighth District held that R.C. 4123.512(D) was unconstitutional, but Antoun made no argument to support that contention. Second, Antoun relied upon Civ. R. 41(A)(2) as the basis for his motion; that subsection of the rule controls motions for dismissal. The company did not consent to the dismissal of the administrative appeal and opposed Antoun's motion.

{¶4} Although it was the Company's appeal, a unique rule governs workers' compensation administrative appeals. After the employer files a notice of appeal with the Industrial Commission, the claimant must file a complaint with the common pleas court. R.C. 4123.512. Further, the appeal to the common pleas court is a complete de novo review which permits the parties to introduce new evidence, and the burden remains on the claimant to justify the award, regardless of which party is appealing.

*Id.*

**{¶5}** The trial court granted Antoun's motion to voluntarily dismiss the complaint without elaboration, merely referring to Civ.R. 41(A)(1)(a) rather than Civ.R. 41(A)(2). Also, there was no discussion or mention of *Ferguson*.

### Workers' Compensation System

**{¶6}** Some context before addressing the issue on appeal is beneficial. Ohio's workers' compensation system is a statutory scheme, the fundamental purpose of which is, inter alia to protect injured workers and employers from losses because of workplace accidents, to compensate injured workers and ensure employers pay premiums that reasonably correspond with the risk they present to the system. See *State ex rel. Superior Foundry, Inc. v. Indus. Comm. of Ohio*, 168 Ohio St. 537, 542, 156 N.E.2d 742 (1959). Those premiums are based upon the nature of the work performed by the employees and the employer's experience rating. *Id.* The employer's experience rating is determined by the type of claims filed and their safety record. *Id.* The experience period for each claim is typically five years. *Id.*

**{¶7}** The State cannot charge a claim to an employer's risk account until there is a final determination of the claimant's right to benefits. R.C. 4123.512(H); *Arth Brass & Aluminum Castings, Inc.,* 104 Ohio St.3d 547, 2004-Ohio-6888, 820 N.E.2d 900, ¶37. The State must also reimburse an employer for an increase in premiums due to an improper charge to a risk account. *Id.* Thus, if a claim is initially allowed administratively, but later denied in the appeal process, the employer will be repaid for any costs incurred on the claim, including costs related to benefit payments and increased experience rates. *Id.* This is because the claimant continues to collect benefits during the pendency of the appeal process in the courts.

**{¶8}** If either party wants to challenge a final order of the Industrial Commission, a notice of appeal begins the process under R.C. 4123.512. This vests jurisdiction in the common pleas court. But regardless of which party appeals, the claimant is always in the procedural posture as the plaintiff and the employer as the defendant. Therefore, the claimant must file a complaint stating why they are entitled

to benefits or to continue to receive benefits. Even if the employer initiated the appeal, without any reference to the administrative hearings, the claimant must, "in effect, re-establish his workers' compensation claim to the satisfaction of the common pleas court even though the claimant has previously satisfied a similar burden at the administrative level." *Zuljevic v. Midland-Ross Corp.*, 62 Ohio St. 2d 116, 118, 403 N.E.2d 986 (1980).

**Appealing Employer Consent to Dismissal of Workers' Compensation Appeal**

{¶9} BWC and the Company assert in their sole assignment of error:

The trial court erred in granting plaintiff's motion to dismiss his complaint without the required R.C. 4123.512(D) consent of the appealing employer in this employer-initiated workers' compensation appeal.

{¶10} The so-called Consent Provision states in pertinent part:

The claimant shall, within thirty days after the filing of the notice of appeal, file a petition containing a statement of facts in ordinary and concise language showing a cause of action to participate or to continue to participate in the fund and setting forth the basis for the jurisdiction of the court over the action. Further pleadings shall be had in accordance with the Rules of Civil Procedure, provided that service of summons on such petition shall not be required and *provided that the claimant may not dismiss the complaint without the employer's consent if the employer is the party that filed the notice of appeal to court pursuant to this section.*

R.C. 4123.512(D) (Emphasis added).

{¶11} At issue in this appeal is the interplay between the R.C. 4123.512(D) Consent Provision and Civ.R. 41, which must be examined through the lens of Civ.R. 1(C). While a claimant has control over the fate of their own appeal when they

challenge an Industrial Commission determination and choose to voluntarily dismiss pursuant to Civ.R. 41, such is not the case for the employer. Even when the employer appeals, the claimant is still the plaintiff who files the complaint in the common pleas court. Thus, Civ.R. 41 vests the claimant with control over the fate of the employer's appeal. Hence, the question before us is whether a claimant's attempt to voluntarily dismiss the employer's appeal pursuant to Civ.R. 41(A) subparts (1) and/or (2) are prohibited by the R.C. 4123.215(D) Consent Provision. This is an issue of first impression in this district.

{¶12} Antoun's motion to dismiss alternatively sought dismissal pursuant to Civ. R. 41(A)(1) and (A)(2). Antoun filed his contradictory pleading—a notice of dismissal which does not require judicial action and alternatively a motion seeking an order of dismissal by the trial court—in order to advocate the adoption by the trial court of the rationale articulated in *Ferguson,* supra. Antoun reasoned that because the Eighth District held in a declaratory judgment appeal that the R.C. 4123.215(D) Consent Provision was unconstitutional, he was no longer precluded from filing a notice of dismissal pursuant to Civ.R. 41(A)(1). Secondarily, Antoun sought a dismissal order from the court pursuant to Civ.R. 41(A)(2), but merely citied to the rule without articulating any argument in support. This was likely an attempt to persuade the trial court in this case to extend the holding in *Ferguson* to subpart (A)(2); in the underlying workers' compensation administrative appeal in *Ferguson,* the claimant moved to dismiss the employer's appeal pursuant to Civ.R. 41(A)(2), which the employer opposed and the trial court denied.[1] The administrative appeal proceedings in the underlying workers' compensation case were stayed pending resolution of the *Ferguson* declaratory judgment proceedings.

{¶13} However, on appeal, Antoun concedes the Consent Provision does preclude a claimant's unilateral voluntary dismissal pursuant to Civ.R. 41(A)(1) of an employer's administrative appeal, citing *Thorton v. Montville Plastics & Rubber, Inc.,*

---

[1] In *Ferguson,* the basis of the claimant's motion to voluntarily dismiss pursuant to Civ.R.41(A)(2) was two-fold; he needed surgery and his expert was not available; however, the claimant did not seek a continuance, opting to seek dismissal instead.

121 Ohio St.3d 124, 2009-Ohio-360, 902 N.E.2d 482, ¶ 14 (2009) (R.C. 4123.512(D) ended claimant's ability to unilaterally dismiss administrative appeal complaint in an employer appeal; employer must consent). Moreover, he has abandoned his constitutional challenge to the Consent Provision relative to subpart (A)(1).

{¶14} Instead, Antoun contends there is an important distinction between a unilateral subpart (A)(1) dismissal which does not require judicial action, and a court order granting a motion for voluntary dismissal pursuant to subpart (A)(2). Antoun maintains that because he alternatively sought an order from the trial court voluntarily dismissing his complaint pursuant to Civ. R. (A)(2), this is judicial action rather than his unilateral action and thus not precluded by the Consent Provision. Antoun continues to challenge the constitutionality of the Consent Provision relative to subpart (A)(2), but limits his argument to separation of powers.

{¶15} BWC and the Company defended the constitutionality of R.C. 4123.512(D) in the trial court and on appeal, advancing due process, equal protection and separation of powers arguments, and contending that voluntary dismissals of an employer appeal by a claimant under Civ.R. 41(A)(1) and (2) both require employer consent.

{¶16} Thus, we have before us an issue of statutory and rule interpretation as well as constitutional issues. Because we can resolve this appeal based upon the language in R.C. 4123.512(D), Civ.R. 41(A) and Civ.R. 1(C) without considering constitutional arguments, we will decline to address the latter. "[W]hen a case can be decided on other than a constitutional basis, we are bound to do so." *State ex rel. Crabtree v. Ohio Bur. of Workers' Comp.*, 71 Ohio St.3d 504, 507, 644 N.E.2d 361 (1994); *In re D.S.,* 148 Ohio St.3d 390, 2016-Ohio-7369, 71 N.E.3d 223, ¶ 13 (2016); *Watkins v. Dept. of Youth Servs.,* 143 Ohio St.3d 477, 2015-Ohio-1776, 39 N.E.3d 1207, ¶ 7 (2015); *State v. Swidas,* 133 Ohio St.3d 460, 2012-Ohio-4638, 979 N.E.2d 254, ¶ 14 (2012); *Burton v. United States,* 196 U.S. 283, 295, 25 S.Ct. 243, 49 L.Ed. 482 (1905) ("It is not the habit of the Court to decide questions of a constitutional nature unless absolutely necessary to a decision of the case.")

**{¶17}** With few exceptions, the Rules of Civil Procedure prevail over conflicting state statutes so long as the subject of regulation is procedural. However, when the legislature approves broad rules for court process, courts must not read into that assent a legislative delegation to the courts to change the public policy of this state. *Krause v. State*, 31 Ohio St.2d 132, 145, 285 N.E.2d 736 (1972), overruled on other grounds, *Schenkolewski v. Cleveland Metroparks Sys.*, 67 Ohio St.2d 31, 426 N.E.2d 784 (1981).

**{¶18}** The Ohio Supreme Court has promulgated a rule of construction for the civil rules that defines their scope, and specifically excludes the application of the civil rules in limited circumstances. "These rules, to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure. . . in all other special statutory proceedings. . ." Civ. R. 1(C)(8). A civil rule is clearly inapplicable " 'only when [its] use will alter the basic statutory purpose for which the specific procedure was originally provided in the special statutory action.' " *Price v. Westinghouse Elec. Corp.*, 70 Ohio St. 2d 131, 133, 435 N.E.2d 1114 (1982), quoting *State ex rel. Millington v. Weir* (10th Dist. 1978), 60 Ohio App.2d 348, 349, 397 N.E.2d 770, 772. Thus, we must undertake a three-step inquiry pursuant to Civ R. 1(C)(8): First, is there any conflict between the rule and the statute? If so, is a workers' compensation appeal a special statutory proceeding? If so, is the civil rule clearly inapplicable?

**{¶19}** With respect to the first inquiry, Civ.R. 41 vests a plaintiff with the power to voluntarily dismiss their complaint with or without judicial action, and without the defendant's consent in both instances. R.C. Chapter 4123 identifies the claimant as the plaintiff in a workers' compensation administrative appeal, even when the employer files the appeal. Conversely, the Consent Provision of R.C. 4123.512(D) provides: "the *claimant may not dismiss the complaint* without the employer's consent *if the employer* is the party that filed the notice of appeal to court pursuant to this section." Thus, the rule and statutory language conflict.

**{¶20}** Turning to the second inquiry, a workers' compensation administrative appeal is a special proceeding. *Myers v. Toledo*, 110 Ohio St.3d 218, 2006-Ohio-

4353, 852 N.E.2d 1176, ¶ 16 (2006). "R.C. 4123.512 is a special statutory proceeding that creates a unique situation in which the party commencing the action is not presenting a claim for relief." *Robinson v. B.O.C. Grp.,* 81 Ohio St.3d 361, 366, 691 N.E.2d 667 (1998).

**{¶21}** With respect to the third inquiry, Civ.R. 1(C)(8) provides that a civil rule shall not apply to special statutory proceedings to the extent that it would "by its nature be clearly inapplicable." A civil rule is clearly inapplicable when its application "will alter the basic statutory purpose for which the specific procedure was originally provided in the special statutory action." *Price* at 133. Thus, we will measure the pertinent language of the Consent Provision against Civ.R. 41(A)(1) and (2) in turn.

**{¶22}** Regarding a notice of dismissal, "a *plaintiff, without order of court*, may dismiss all claims asserted by that plaintiff against a defendant by . . . filing a notice of dismissal . . . *unless* [there is] a counterclaim which cannot remain pending for independent adjudication by the court[.]" Civ.R. 41(A)(1)(a) (emphasis added). Importantly, the Ohio Supreme Court held the Consent Provision prevented a claimant from unilaterally dismissing an employer's administrative appeal. *Thorton*, ¶ 14. We reach the same conclusion. A notice of dismissal is a unilateral action as it does not require judicial action; dismissal is accomplished by the claimant merely filing the notice. Further, the counterclaim referenced in Civ.R. 41(A)(1)(a) is akin to the employer's administrative appeal; if the claimant-plaintiff dismisses the complaint, the employer's administrative appeal cannot remain pending for adjudication because it was dismissed. As an aside, it is debatable whether Antoun filed a notice of dismissal pursuant to Civ.R. 41(A)(1)(a), given that he moved for dismissal in the alternative.

**{¶23}** We next direct the third inquiry of Civ.R. 1(C)(8) to Antoun's motion to voluntarily dismiss. "[A] *claim shall not be dismissed at the plaintiff's instance* except upon order of the court *and upon terms and conditions* as the court deems proper. Civ.R. 41(A)(2) (emphasis added). Where a claimant-plaintiff's motion for voluntary dismissal of the employer-defendant's appeal is opposed and granted, it is a

unilateral act prohibited by R.C. 4123.512(D) because it was made *at the plaintiff's instance.* Further, as it was granted contrary to R.C. 4123.512(D), it was not dismissed upon proper terms and conditions as contemplated by Civ.R. 41(A)(2).

**{¶24}** The Consent Provision is the specific procedure designed to prevent workers' compensation claimants from unilaterally and unduly preempting the resolution of the employer's appeal. The statute serves the stated legislative purpose of timely resolving workers' compensation appeals, see R.C. 4123.512(I), as well as the practical purpose of protecting State funds from abuse. Thus, the third inquiry of Civ.R. 1(C)(8) dictates that the statute supersedes the rule. The Consent Provision prohibits Antoun from pursuing dismissal pursuant to Civ.R. 41(A)(1) and (2); the rule is clearly inapplicable as it alters the basic statutory purpose of the Consent Provision.

**{¶25}** Moreover, the Ohio Supreme Court has recognized that where a statute specifically requires procedures different from the civil rules, the statute controls. *State ex rel. Fowler v. Smith*, 68 Ohio St.3d 357, 360-1, 626 N.E.2d 950 (1994) ("[s]ince the paternity statutes specifically require a judgment regarding the existence or nonexistence of the father-child relationship unless a compromise is reached between the mother and the alleged father with approval of the court prior to a judgment, the different procedure, according to R.C. 3111.08(A), supersedes the voluntary dismissal provisions of Civ.R. 41(A).") In a similar vein, R.C. 4123.512(D) supersedes Civ.R. 41(A), because the statute specifically requires the employer's consent before its workers' compensation appeal can be dismissed by the claimant.

**{¶26}** As a final observation, the language of the Consent Provision is akin to language in Civ.R. 41(A)(1)(b) governing stipulated dismissals which requires consent of *both* parties, as dictated by R.C. 4123.512(D). Accordingly, the trial court erred by granting Antoun's motion to dismiss, and BWC and the Company's assignment of error is meritorious.

**{¶27}** In sum, when applying the rule of construction in Civ.R. 1(C)(8), we hold that there is a direct conflict between Civ.R. 41 and R.C. 4123.512(D). A

workers' compensation appeal is a special statutory proceeding; and, permitting a claimant-plaintiff to voluntarily dismiss an employer appeal pursuant to Civ.R. 41(A)(1) and (2) in employer administrative appeals alters the basic statutory purpose for which the Consent Provision was enacted, see R.C. 4123.512(I); thus, Civ.R. 41 is inapplicable. Accordingly, the trial court should not have granted Antoun's motion for voluntary dismissal and Defendants-Appellants' sole assignment of error is meritorious. The judgment of the trial court is reversed and this matter is remanded for adjudication of the Company's administrative appeal on the merits.

Donofrio, J., dissenting; see dissenting opinion.

Robb, J., concurs.

DONOFRIO, J. dissenting.

I respectfully dissent to the majority's opinion herein in that a plain reading of R.C. 4123.512(D) requires that the trial court's decision be affirmed. The so-called Consent Provision states in pertinent part: "that the claimant may not dismiss the complaint without the employer's consent if the employer is the party that filed the notice of appeal". The statute clearly states "the claimant may not dismiss the complaint" which clearly prohibits the claimant from filing a Civ. R. 41(A)(1)(a) unilateral notice of voluntary dismissal without prejudice. In this case the trial court granted a Civ. R. 41(A)(2) motion to dismiss without prejudice which I feel the statute clearly does not address. The court dismissed the action in this case, not the claimant which Civ. R. 41(A)(1)(a) permits.